Gerald A. THOMPSON (Plaintiff), Appellant,

v.

HEALZER CARTAGE COMPANY and L. R. Bryan (Defendants), Respondents.

No. 22149.

Kansas City Court of Appeals.

Missouri.

June 13, 1955.

Robert I. Adelman, Kansas City, for appellant.

Richard H. Beeson, David P. Dabbs, Dean F. Arnold, Kansas City, for respondents.

CAVE, Judge.

This is an action for damages for personal injuries allegedly sustained by plaintiff as the result of a collision between the automobile he was driving and a truck owned by defendant Healzer Cartage Company and driven by its agent, L. R. Bryan.

The prayer was for damages in the aggregate sum of $75,000. Trial to jury resulted in a verdict and judgment for plaintiff and against the defendants in the sum of $6,850. Plaintiff filed motion for new trial on the sole ground of the inadequacy of the verdict. The motion was overruled and plaintiff perfected his appeal to this court.

■ The only ground of error assigned on appeal is that the court erred in overruling the motion for new trial which charged that the verdict was so grossly inadequate as to import passion and prejudice on the part of the jury. The rule is that where a plaintiff, being dissatisfied, appeals from a judgment in his own favor, the "amount in dispute" for the purpose of determining appellate jurisdiction is the difference between the amount claimed or sued for and the amount recovered at the trial. Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618; Coghlan v. Trumbo, Mo.App., 171 S.W.2d 794; same case reported in Mo., 179 S.W.2d 705; Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481; Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469; Sec. 3, Art. V, Constitution 1945, V.A.M.S.

■ Under the above decisions the "amount in dispute" in this case is in excess of $7,500, and this court does not have jurisdiction. Consequently, the cause should be transferred to the Supreme Court. It is so ordered.

DEW, P. J., and ROSE, Special Judge, concur.

BROADDUS, J., not sitting.