Gerald A. THOMPSON, Appellant,

v.

HEALZER CARTAGE COMPANY and
L. R. Bryan, Respondents.

No. 45095.

Supreme Court of Missouri.

Division No. 2.

March 12, 1956.

Robert I. Adelman, Kansas City, for appellant.

Richard H. Beeson, David P. Dabbs, Dean F. Arnold, Kansas City, for respondents.

STOCKARD, Commissioner.

In this action plaintiff, the appellant here, sued for $75,000 for personal injuries. After verdict and judgment in the amount of $6,850, and after a motion for new trial had been overruled, plaintiff appealed to the Kansas City Court of Appeals. The appeal was properly transferred here because as stated by that Court, "The rule is that where a plaintiff, being dissatisfied, appeals from a judgment in his own favor, the 'amount in dispute' for the purpose of determining appellate jurisdiction is the difference between the amount claimed or sued for and the amount recovered at the trial." Thompson v. Healzer Cartage Co., Mo.App., 280 S.W.2d 143. See also Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481, and Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469.

The only ground of error assigned on appeal is that the court erred in overruling the motion for a new trial which charged that the verdict was so grossly inadequate as to indicate that the amount of the verdict was due to bias, passion and prejudice. Plaintiff seeks a new trial on the issue of damages only.

The question of the amount of damages is primarily for the jury, and the trial court has some discretion in granting or refusing a new trial because of the size of the award. However, if upon review, the verdict is considered so shockingly inadequate as to indicate that it resulted from passion and prejudice, it should be set aside. Conner v. Neiswender, supra. In determining if the amount of the award is grossly inadequate in this case, wherein the jury's verdict has been approved by the trial court, we will consider the evidence favorable to the verdict returned because it was the peculiar province of the jury on the trial, and of the trial judge on the motion for new trial, to pass upon the weight of the evidence and the credibility of the witnesses. Brown v. Moore, Mo. Sup., 248 S.W.2d 553; Wilhelm v. Kansas City Public Service Co., 358 Mo. 6, 212 S.W.2d 915. If there was substantial evidence supporting the verdict in the amount awarded by the jury, the jury's verdict should not be disturbed by this court on appeal. Kraus v. Kansas City Public Service Co., Mo.Sup., 269 S.W.2d 743; Sederquist v. Chicago, R. I. & P. R. Co., 364 Mo. 820, 268 S.W.2d 861. We shall now review the evidence pertaining to the nature and extent of plaintiff's injuries to determine if the jury's verdict is so shockingly inadequate as to indicate passion and prejudice, and also to determine if the trial court abused its discretion in refusing to grant to plaintiff a new trial.

On April 28, 1952 plaintiff's taxicab, while standing still in a line of traffic, was hit by a tractor-trailer truck owned by defendant Healzer Cartage Company and operated by defendant L. R. Bryan. No damage was done to the truck, and the rear bumper of the cab was only slightly dented. Plaintiff testified that his cab was knocked fifteen to twenty feet by the impact, but Bryan stated it moved only two or three feet. At the time of the accident plaintiff felt no pain and contended that he was not hurt. After exchanging names with the operator of the truck, plain-

tiff delivered the passenger in his cab to his destination and he continued to operate his taxicab in the usual manner. Approximately two or three hours later plaintiff experienced severe pains in the lower part of his back. He then went home, took some aspirins and went to bed. He testified that he had headaches, his whole back was sore, he had sharp pains extending into his right leg, and he could not bend over. On the third day after the accident, plaintiff first saw a doctor. He was then hospitalized for about ten days, and while there he was placed in traction and received heat treatments. Following his release from the hospital he was fitted for a brace for his back. He continued to receive treatments for about a month at the doctor's office. A spinal myelogram was performed on September 8, 1952, and plaintiff was again hospitalized and an operation was performed to remove two ruptured intervertebral discs. Upon release from the hospital, plaintiff was fitted for another body brace which he was wearing at the time of the trial.

The evidence also disclosed that plaintiff had suffered a bone disease or inflammation when an infant, and that prior to the accident his right leg was one and one-half inches shorter than his left leg. Because of this he limped, his pelvis was caused to tilt and he had a compensatory curve in his back with a resulting greater strain and abnormal motion. The lumbar vertebrae showed many spurs which was unusual for a person of his age.

In July 1951, eight or nine months prior to the collision in question, plaintiff fell while working in a bakery. He suffered an injury to his back and right hip. As a result of this accident he filed a claim for workmen's compensation and a hearing was held on November 26, 1951. At that hearing plaintiff testified concerning the circumstances of his fall, his medical treatment and his then physical condition. He stated that as a result of his fall he had sharp pains in his right hip and right leg, and that the lower part of his back ached and throbbed. At the hearing he was wearing an elastic belt prescribed by one of the doctors he had visited after the fall. He further stated that the motion of his right leg was limited, that he could not bend over to tie his shoes, and that the movement in his right hip and lower back was less after the fall than before. The symptoms that existed after the fall in the bakery were substantially the same as the symptoms that followed the collision in this case. Three of the medical experts who testified in the present case, including one of plaintiff's doctors, testified that the circumstances of the fall in the bakery and the symptoms to which plaintiff testified would indicate the possibility of a disc injury at that time. Plaintiff testified in the present case that when he started to work for the Yellow Cab Company in November 1951 he had completely recovered from the fall in the bakery. However, it was on November 26, 1951 when he testified in the compensation hearing concerning his then disabilities.

About eighteen months after the collision upon which this suit is based plaintiff again underwent surgery, the purpose of which was to lengthen his right leg approximately one inch and thereby lessen the difference in the length of his legs, level the pelvis and reduce the abnormal motion of his back.

Plaintiff submitted his case to the jury on two alternative issues; first that the defendants' negligence caused his injuries, and second that defendants' negligence caused an aggravation of plaintiff's pre-existing conditions.

There was no dispute as to the occurrence of the accident, and we must assume that the jury found that defendants were negligent because it gave a verdict for plaintiff. Plaintiff contends that there was no dispute concerning the amount of the hospital and doctor bills and the loss of wages, and that the sum of these amounts alone exceed the amount of the verdict. He then argues that this conclusively shows that the verdict is so grossly inadequate as to demonstrate bias, prejudice and passion on the part of the jury against him. This argument assumes that all of plaintiff's

injuries shown by the evidence resulted from defendants' negligence, an assumption not warranted in this case. We must view the evidence most favorable to the verdict, and that is that the jury found that a pre-existing condition of plaintiff had been aggravated by defendants' negligence. There was substantial evidence from which the jury could find that plaintiff suffered his disc injuries as the result of his fall at the bakery and not as the result of the accident between defendants' truck and plaintiff's taxicab. There also was substantial evidence to support a finding that the accident in this case merely aggravated a pre-existing condition of plaintiff as distinguished from causing the condition. This is not the situation where, by finding the defendants to be negligent, the jury necessarily found that all of plaintiff's injuries shown by the evidence resulted from defendants' negligence.

■■ Accepting the proposition that defendants' negligence aggravated a pre-existing ailment of plaintiff, which was submitted in the instructions, supported by the evidence, and consistent with the verdict that defendants were negligent, plaintiff was entitled to recover for those damages caused by the aggravation. Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S.W.2d 698; Schide v. Gottschick, 329 Mo. 64, 43 S.W.2d 777; Simon v. S. S. Kresge Co., Mo.App., 103 S.W.2d 523; 25 C.J.S., Damages, § 21; Annotation 48 L.R. A.,N.S., 120. But he was not entitled to recover from defendants for conditions or injuries not the direct or proximate result of defendants' negligence. Quigley v. St. Louis Public Service Co., Mo., 201 S.W.2d 169. It is true that the damages resulting from an aggravation of a pre-existing condition may be the same as or possibly greater than the damages resulting from the condition itself, but they also may be less, and it was peculiarly within the province of the jury to apportion the damages to the respective causes. Paul v. Omaha & St. Louis Railway Co., 82 Mo. App. 500; Mathew v. Wabash R. Co., 115 Mo.App. 468, 78 S.W. 271, 81 S.W. 646.

■ The finding by the jury that the damages in the amount of $6,850 were suffered by the plaintiff as the result of defendants' negligence is supported by substantial evidence, and under these circumstances it is not within the province of this court to say that the jury was wrong or to substitute its judgment for that of the jury.

We find no circumstances in this case demonstrating that the jury's verdict was the result of passion or prejudice against plaintiff, and the trial court did not abuse its discretion in refusing to grant plaintiff a new trial for that reason.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.