Melvin J. SPARKS, Plaintiff-Appellant,

v.

Glenn James BALLENGER and Springfield Ambulance Service of Springfield, Mo., Inc., a corporation, Defendants-Respondents.

No. 49759.

Supreme Court of Missouri,

Division No. 2.

Jan. 13, 1964.

Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, Warren S. Stafford, Springfield, for appellant.

Farrington & Curtis, E. C. Curtis, Thomas Strong, Richard K. Wilson, Springfield, for respondents.

HENRY J. WESTHUES, Special Commissioner.

Melvin J. Sparks, plaintiff-appellant, filed a petition in the Circuit Court of Greene County, Missouri, containing two counts. In count one, he asked judgment in the

sum of $27,500 as damages for personal injuries alleged to have been sustained as a result of a collision between a Ford car and an ambulance in which he was riding. In count two, he asked judgment for $37,500 for loss of services by consortium and medical expenses incurred by reason of personal injuries sustained by his wife in the same collision.

The ambulance owned by respondent Springfield Ambulance Service at the time of the collision was being driven by respondent Ballenger. A trial resulted in a jury verdict for the defendants-respondents. Plaintiff-appellant appealed from the judgment entered.

The facts as disclosed by the evidence are: On December 14, 1958, appellant and his wife Charlsie were in their car driving north on a blacktop road near Willard, Missouri. At about 2:30 p. m., their car collided with another car and appellant and his wife sustained serious injuries. In response to a call, respondent Ambulance Service sent an ambulance to the scene with respondent Ballenger as the driver. Appellant's wife was placed on a cot in the ambulance and appellant occupied the front seat beside the driver. Among the injuries sustained by appellant's wife was a broken leg and appellant suffered a severe injury to the chest.

Enroute to a hospital, the ambulance and a Ford car collided at the intersection of Grant Street and Atlantic Street in Springfield, Missouri.

Appellant, in his petition, alleged that he and his wife sustained serious injuries and an aggravation of the injuries sustained in the first collision. It is for the injuries claimed to have been sustained in this second collision that appellant seeks damages in this action.

We need not detail the evidence with reference to the collision of the vehicles except to say that appellant introduced evidence from which a jury could infer that the driver of the ambulance was negligent.

The respondents introduced evidence that the driver of the Ford car was guilty of negligence which caused the collision and that the driver of the ambulance was not negligent in any respect.

The question on this appeal concerns the giving of an instruction at respondents' request on the burden of proof as to the injuries appellant and his wife sustained in the two collisions.

We deem it best to set forth the instruction of which appellant complains and also an instruction given by the court on behalf of appellant pertaining to the same subject matter.

The instruction (No. 10) complained of reads: "Under the law of this state, the defendants, Glenn James Ballenger and Springfield Ambulance Service, Inc., could not, in any event, be liable for the injuries suffered by plaintiff in the first accident, that is, the accident with the Thomas motor vehicle, or for damages sustained by plaintiff because of injuries his wife received in the first accident. Likewise, defendants could not, in any event, be liable for the medical expenses plaintiff incurred as a result of the injuries he received in the first accident, or for the medical expenses plaintiff incurred as a result of injuries his wife received in the first accident.

"Therefore, the Court instructs the jury that in the event your verdict is in favor of the plaintiff, in assessing his damages you must not consider either,

"*One*: The injuries suffered by plaintiff in the first accident, or

"*Two*: The damages sustained by plaintiff because of injuries his wife received in the first accident, or

"*Three*: Medical expenses incurred by plaintiff as a result of injuries he received in the first accident, or

"*Four*: Medical expenses incurred by plaintiff as a result of injuries his wife received in the first accident.

"In this regard, you are further instructed that the burden of proof is upon the plaintiff to prove by a preponderance, that is, the greater weight of the credible evidence, what injuries, if any, were received by himself and his wife in the second accident and what medical expenses, if any, he incurred because of injuries, if any, to himself and his wife resulting from the second accident."

Instruction No. 4, given at appellant's request, reads:

"The Court instructs the jury that under the law of this state damages are not rendered uncertain as a matter of law because they cannot be calculated with absolute accuracy. If the defendants by their negligent conduct render difficult the ascertainment of the precise damages suffered by plaintiff they are not entitled to complain that the damages cannot be measured with exactness. The mere fact that damages may not be calculated with absolute certainty or exactness under such circumstances is not a bar to their recovery.

"Therefore, if you find and believe from all the evidence that on December 14, 1958, the plaintiff and his wife were injured near Willard in what has been referred to in evidence as the first collision and that thereafter either or both, while being transported in the ambulance in question, sustained in the second collision as the direct and proximate result of defendants' negligence, if any, as defined in other instructions, additional injuries or an aggravation of any injuries previously received in the first collision, and if you further find and believe that because of such negligence, if any, of the defendants it is now impossible to ascertain the precise damage, if any suffered by plaintiff in the second collision while he and his wife were being transported in said ambulance, then the fact that plaintiff has not proved, if you should find he has not, with certainty or exactness the extent of his damages, if any, resulting from the second collision will not bar his recovery in this case.

"Under such circumstances you may determine the damages, if any, from such reasonable inferences as you find warranted by all the evidence and other instructions herein, even though the result be only approximate. But in arriving at your verdict you will not allow the plaintiff any damages for injuries caused solely by the first collision and in no way aggravated by the second collision."

Appellant introduced substantial evidence that he suffered a severe injury to his knee in the second collision and that he did not sustain this injury in the first collision. Evidence was introduced that the wife did not sustain any cuts or bruises about her face and head in the first collision but that she did sustain such injuries in the second collision and that they were serious.

Medical evidence was introduced to the effect that whatever injuries were sustained in the first collision they were probably aggravated by the second collision. Of course, the doctors could not determine the extent of the aggravation but in their opinion, considering the force of the impact, an aggravation was a natural sequence. As to the medical expenses, the doctors testified they could not with accuracy apportion such expense between the injuries sustained in the two collisions.

■ Respondents say that the question of the correctness of the instructions on damages is immaterial because the jury returned a verdict for them and therefore the jury never reached the question of damages. That is the general rule. See Merritt v. Mantony, Mo., 353 S.W.2d 768, 1. c. 769 (2), and cases there cited.

■ We have concluded to pass on the correctness of the instructions because appellant says that instruction No. 10 amounted to a directed verdict for the respondents and placed the burden of proof on the wrong party. Note what is said in appellant's brief: "In telling the jury that the burden of proof was upon the plaintiff to prove the damages resulting from each of

the two collisions when plaintiff could not possibly do so because of defendants' own negligence, this instruction was prejudicially erroneous in that it placed the burden of proof on the wrong party.

"McClosky [McCloskey] v. Koplar, [329] Mo.Sup. [527], 46 S.W.2d 557, 563–564(7) [92 A.L.R. 641]. .

"Notwithstanding the fact that Instruction No. 10 is a burden of proof instruction as to damages in a case where the verdict was for the defendants and the jury made no finding of damages, yet this instruction was so confusing both as to the question of damages and the question of liability as to be misleading and therefore necessitate a retrial of the case.

"Schide v. Gottschich et al., Mo.Sup., 43 S.W.2d 477, 481–2(8, 9)." (It should read "[Schide v.] Gottschick [, 329 Mo. 64, 43 S.W.2d] * * * 777, 781–2 * * *.")

We call attention to the fact that the statement to the effect that instruction No. 10 placed the burden of proof upon plaintiff to prove the damages resulting from *each* of the two collisions is not accurate. The instruction did not require appellant to prove what injuries were sustained in the first collision. There is also an inaccurate statement in the next paragraph to the effect that instruction No. 10 was confusing on the question of liability. The instruction in no way referred to liability. We do not agree with appellant that instruction No. 10 placed the burden of proof on the wrong party. In a collision case, such as this, an injured party may not recover damages unless he proves by a preponderance of evidence that the defendant's negligence caused the collision and the injury sustained. All of instruction No. 10, except the last paragraph, simply informed the jury that respondents could not be held liable for any injuries or medical expense which were sustained in the first collision. Appellant does not contend otherwise.

The last paragraph of the instruction of which complaint is made did advise the jury that the burden of proof was on appellant to prove what injuries, if any, were received by him and his wife in the second collision and what medical expenses he incurred because of such injuries.

■ We are of the opinion that under the law a plaintiff must, in a case such as we have before us, produce evidence from which a jury may draw an inference that the plaintiff was injured as a result of defendant's negligence and that he incurred medical expense necessary to treat such injuries. We are further of the opinion that in the circumstances as presented by the evidence a plaintiff is entitled to an instruction such as was given at appellant's request in this case. Note that instruction No. 4 advised the jury that plaintiff need not with certainty or exactness prove the extent of his damages. Furthermore, the instruction went on to tell the jury that "Under such circumstances you may determine the damages, if any, from such reasonable inferences as you find warranted by all the evidence and other instructions herein, even though the result be only approximate."

We rule that appellant's case was submitted to the jury by proper instructions on the question of damages. Thompson v. Healzer Cartage Company, Mo., 287 S.W. 2d 791, 794(7, 8) ; 25 C.J.S. Damages § 162, p. 815, paragraph entitled "Uncertainty as to amount only."

The case of McCloskey v. Koplar, supra, cited by the appellant, was a case under the res ipsa loquitur doctrine. That doctrine may not be applied in a case such as is now before us. However, even in the res ipsa cases a plaintiff must produce evidence from which a jury may draw an inference of negligence. It was so held in the McCloskey case. The question of instructions on damages was not involved. In Schide v. Gottschick et al., supra, cited by appellant, a judgment for the defendant was reversed and the cause remanded for the reason that an instruction was given eliminating from consideration of the jury aggrava-

tion of former injuries. See 43 S.W.2d l. c. 781, 782(8, 9). We do not have such a situation in the case now before us.

Appellant cited a number of cases from other jurisdictions. We shall briefly refer to several of them. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544, was an action under the Anti-Trust Act for damages involving a conspiracy. The court in the course of the opinion quoted with approval a ruling made in Gilbert v. Kennedy, 22 Mich. 117; 282 U.S. 555, 51 S.Ct. l. c. 251, 75 L.Ed. 544, where the court held in substance that where, from the nature of the case, damages could not be measured with certainty by a fixed rule, the facts and circumstances tending to show the probable amount of such damages should be submitted to a jury. The instructions in the case now before us are in harmony with that ruling.

The case of Micelli v. Hirsch, Ohio App., 83 N.E.2d 240, was a suit for wrongful death. Two parties were sued. One defendant's car struck deceased and within seconds the other defendant's car ran over the deceased. Obviously, it was impossible to determine which car was responsible for the death. The court ruled a joint action against the two defendants was proper. The court held that if either defendant was not guilty of negligence, that defendant should not be held liable, but if either was negligent, he would be liable for the death. The distinction between the situations in that case and the one in the case now before us is so obvious that a discussion of the question is unnecessary.

In other cases cited, the facts and circumstances were materially different from the ones in the case before us and may be readily distinguished. However, whether they may or may not be distinguished, it is our opinion that the case before us for review was properly submitted to a jury on the question of damages.

The verdict of the jury for respondents was evidently based on the theory that respondents were not guilty of any negligence. There was ample evidence to sustain such a finding. Furthermore, there was substantial evidence to justify a finding that the driver of the Ford car was negligent and responsible for the collision.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.