Ray **LOVELACE, Jr., and June Lovelace,** Natural Parents of Joyce Marie Lovelace, Deceased, Appellants,

v.

Ralph June **REED, Respondent.**

No. 56507.

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1972.

George E. Sullivan, O'Fallon, for appellants.

G. Andy Runge, Edwards, Seigfreid & Runge, Mexico, for respondent.

STOCKARD, Commissioner.

Plaintiffs have appealed from a judgment in favor of defendant in their action for wrongful death. Appellate jurisdiction was in this court at the time the notice of appeal was filed by reason of the amount in dispute, and because of Art. V, § 31, Constitution of Missouri, V.A.M.S., this court retains jurisdiction.

Joyce Marie Lovelace, nine years of age, was struck by an automobile operated by defendant while she was attempting to cross U. S. Highway 54, and she died from

the injuries received. Plaintiffs alleged both primary and humanitarian negligence, but the trial court refused plaintiffs' requested instruction submitting humanitarian negligence. The case was submitted to the jury on primary negligence in failing to keep a careful lookout. Defendant requested, and the court gave, an instruction on contributory negligence of Joyce Marie, but we note that the instruction requested by plaintiffs and given by the court did not contain that part of MAI 20.01 which is required when an affirmative defense is in issue.

On this appeal plaintiffs assert reversible error in the refusal of the trial court to submit the requested instruction on a humanitarian negligence, and also in sustaining objections of defendant to oral argument. We shall first consider the latter contention.

Counsel for plaintiffs argued to the jury that the evidence authorized a finding that defendant was looking to his left but not straight ahead or to the right. He then asked: "What could he have done to prevent this tragedy, had he been driving the way the laws of this state say you must drive?" In answer to his own question he said that defendant "could have slowed his car," he "could have stopped the car," he "could have swerved his car, and had he have gone to the left, he would have missed—." At this point defendant objected because the argument was "beyond the proof and the instructions in this case." The objection was sustained "to the last statement with reference to swerve." Counsel for plaintiffs then said: "How about that horn he had on his car which he testified was in good working condition?" An objection "on the same grounds" was sustained. The following then occurred out of the presence of the jury:

MR. SULLIVAN [Counsel for plaintiffs]: If the Court is going to persist in this ruling, I would like to make a record.

THE COURT: The failure to sound the horn has not been submitted.

MR. SULLIVAN: Your Honor, the man's testimony is that he did not sound his horn and he did not swerve.

MR. RUNGE [Counsel for defendant]: We don't deny that, Your Honor, but the case is submitted only on failure to keep a proper lookout.

MR. SULLIVAN: The failure to keep a proper lookout presupposes had he done that he would have been able to stop it.

THE COURT: I think the evidence justifies an argument about stopping but your argument on his failure to sound a horn, you didn't submit an instruction on that. The only instruction you submitted was one which I gave on a failure to keep a proper lookout which I gave, then you submitted some humanitarian instructions which I refused but there is no other instruction that goes to the failure to sound his horn and I don't think you will be permitted to argue that.

MR. SULLIVAN: Had he kept the lookout I have charged him with failing to keep, are you saying he would not be permitted to sound his horn or take any evasive action thereafter?

THE COURT: It is an element you proved but it is not one that you submitted to the jury.

MR. SULLIVAN: Your Honor, if it is in evidence, I should be able to argue it.

THE COURT: The objection is sustained to the failure to swerve and the failure to sound the horn on the basis of not being submitted. You may continue.

█ Instruction No. 5, submitting primary negligence in failing to keep a careful lookout, was in the form of MAI 20.01. The basic submission of a "lookout" instruction "is the failure to see and to take

some action," Thomas v. Wade, Mo., 361 S.W.2d 671, 673, and even before MAI, by such submission, a jury was authorized to find "any means supported by the evidence by which the driver \* \* \* could have avoided the collision" without the instruction hypothesizing those means. Moore v. Ready Mixed Concrete Company, Mo., 329 S.W.2d 14, 25. As stated in the Wade case, "when we analyze a 'lookout' instruction, \* \* \* it actually submits failure to see and failure to avoid injury by 'any means supported by the evidence.'" The failure to maintain a careful lookout constitutes negligence, but it may or may not, depending upon the particular circumstances, constitute the total proximate cause. The failure to take some action, supported by the evidence, in some cases and particularly so in this case, is an essential part of the proximate cause.

■ It is admitted by defendant's counsel and by the court, that failure to swerve or sound a horn was supported by the evidence. The effect of the court's ruling was to deny plaintiffs the right to argue proximate cause, and was prejudicially erroneous. For this reason a new trial is required.

We need not now rule whether the evidence was sufficient to require the submission of the requested instruction based on humanitarian negligence. In the event of a retrial the evidence may not be the same, and any examination of the evidence in the present trial would be purely academic.

The judgment is reversed and the cause remanded.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.