Tina M. CARLTON, Appellant,

v.

Janice K. PHILLIPS, Respondent,

William C. Corlew, Defendant.

No. WD 51720.

Missouri Court of Appeals,
Western District.

April 9, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Clifford Christy Barton, Columbia, for Appellant.

James Charles Johns, Clinton, for Respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and SMART, JJ.

FENNER, Chief Judge.

Tina M. Carlton appeals from the trial court's grant of summary judgment to Janice K. Phillips as to Carlton's claim for damages for bodily injury arising from auto accidents with Phillips on August 9, 1986, and with William Corlew on June 13, 1986.

Appellant filed a petition on September 3, 1991, alleging that the successive negligent acts of Phillips, the respondent herein, and Corlew in operating their vehicles caused a single, indivisible injury for which each defendant's individual responsibility could not be separately ascertained. Appellant sought a judgment against both Phillips and Corlew, as joint tortfeasors, as a result of the alleged negligent acts. Neither Phillips nor Corlew objected to the joinder of the claims against

them arising from the two separate incidents and neither filed a cross-claim against the other or any pleading seeking contribution, indemnity, or apportionment of fault.

Appellant compromised her claims against Corlew, released him, and voluntarily dismissed her claims against him. In the order dismissing the claims against Corlew, who is deceased, appellant expressly reserved all claims against Phillips.

Appellant's family physician, Dr. Robert L. Frederickson, examined her after both collisions. One day prior to the second collision, the collision with Phillips, Dr. Frederickson ordered a CAT scan to evaluate appellant's condition. In his deposition, Dr. Frederickson stated that appellant's injuries from the first collision were exacerbated by the second, there was evidence of a new injury as a result of the second collision, that appellant's injuries from both collisions were to the same area of her body, the cervical spine, that he could not differentiate between the two collisions' separate contributions to appellant's injuries, and that he could not separate appellant's symptoms or complaints to attribute them to one accident or the other within a reasonable degree of medical certainty.

Dr. Thomas R. Highland, an orthopaedic surgeon, also examined appellant and treated her over a span of two years following the accidents. In his deposition, Dr. Highland stated that he could not, within a reasonable degree of medical certainty, determine what proportion of appellant's complaints and injuries were attributable to each accident. Dr. Highland did, however, state that he believed appellant did sustain additional injuries in the second accident that were not merely an aggravation of her weakened condition from the first accident.

Appellant filed a motion for partial summary judgment on July 12, 1995 against Phillips, claiming that Phillips and Corlew were joint tortfeasors as to appellant, thus entitling appellant to recover judgment against either defendant for all of appellant's injuries and damages.

On August 22, 1995, Phillips filed a motion for judgment, contending that appellant cannot make a submissible case due to her inability to prove what degree of bodily injury appellant separately sustained in the collision with Phillips.

The court took the motions under advisement and on August 30, 1995, overruled appellant's motion for partial summary judgment and granted Phillips' motion for summary judgment, citing as support *State ex rel. Jinkerson v. Koehr,* 826 S.W.2d 346 (Mo. banc 1992) and *State ex rel. Sims v. Sanders,* 886 S.W.2d 718 (Mo.App.1994). Appellant timely sought review of the alleged erroneous ruling that she cannot make a submissible case against Phillips because her medical experts cannot ascribe a specific portion of her total injury to each of the separate auto accidents.

## I. STANDARD OF REVIEW

■ The Missouri Supreme Court provided an exhaustive analysis of summary judgment practice and review in its opinion in *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371 (Mo. banc 1993). Appellate review of summary judgments is essentially *de novo. Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different than those which the trial court should have employed initially. *Id.* As the trial court's initial judgment is founded on the record submitted and the law, there is no need for the appellate court to defer to the trial court's granting of the summary judgment motion. *Id.*

■ When considering the appeal, the court will review the record in the light most favorable to the party against whom judgment is sought. *State ex rel. Conway v. Villa,* 847 S.W.2d 881, 886 (Mo.App.1993). The movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine issue as to the material facts defeats the movant's prima facie showing. *ITT Commercial Fin.,* 854 S.W.2d at 382. A "genuine issue" exists where the record contains competent material that evidence two plausible, but contradictory, accounts of the essential facts. *Id.* A "genuine issue" is a dispute that is real, not

merely argumentative, imaginary, or frivolous. *Id.*

██ The non-movant is accorded the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). If the movant requires an inference to establish his right to judgment as a matter of law and the evidence reasonably supports an inference other than that alleged by movant, a genuine dispute exists and the movant's prima facie showing fails. *ITT Commercial Fin.*, 854 S.W.2d at 382. The key to summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question. *Id.* at 380.

## II. *PHILLIPS' MOTION FOR SUMMARY JUDGMENT*

The relevant facts alleged by the parties in their respective motions for summary judgment are not in dispute. Phillips admits to being involved in the accident with appellant and the uncontradicted medical testimony is that, although appellant suffered new injuries in the second accident, the symptoms and ultimate effects of her injuries are indivisible. The essential question presented by appellant's motion for partial summary judgment and Phillips' motion for summary judgment is whether common or joint liability may arise from a pattern of successive automobile accidents as alleged in this case. In this specific situation, we believe current Missouri law does not provide for common or joint liability between Phillips and Corlew.

Our decision, and that of the trial court, is based on the recent cases of *Jinkerson* and *Sims*. In *Jinkerson*, the Missouri Supreme Court addressed the propriety of joining defendants involved in successive automobile accidents in the context of a venue challenge. The plaintiffs attempted to join defendants involved in successive automobile accidents which occurred approximately 11 months apart. Plaintiffs filed suit in the City of St. Louis combining the allegations of both accidents in one count and claiming they were seriously and permanently injured as a result of the successive negligent acts or omissions of the defendants "in combination." *Jinkerson*, 826 S.W.2d at 346.

Plaintiffs further allege that the injuries sustained in the two accidents "were not separate and distinct but inseparable and indistinguishable thereby creating common liability among all of the named defendants." *Id.* at 348. Though the defendants in the second accident were subject to suit in the City of St. Louis, had plaintiffs sued the defendants involved in the first accident in the City, venue would not have been proper. *Id.* at 347, 348.

The crux of the Supreme Court's opinion in *Jinkerson* dealt with the issue of venue and the fact that simply joining the two separate causes of action in a cause of action in a single petition did not create venue in the City of St. Louis over both actions, especially where venue as to one defendant was not otherwise proper. 826 S.W.2d at 348 (citing *Polk County Bank v. Spitz*, 690 S.W.2d 192, 194 (Mo.App.1985)). The court also, however, determined that "the facts [of the case] do not call for the application of joint liability." *Id.* In expanding on this pronouncement, the court stated:

> Because there is no common liability among the defendants, the [plaintiffs] should not be allowed to join the two accidents in one petition *despite* the language of Rule 52.05(a) regarding permissive joinder. Rule 52.05(a) provides that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." The two accidents alleged in the [plaintiffs'] petition did not arise out of the same transaction or occurrence. Each defendant is responsible for the injuries caused in the accident in which he or she was involved.

*Id.* (emphasis added). Without citation or discussion, this pronouncement effectively overruled *Hager v. McGlynn*, 518 S.W.2d 173 (Mo.App.1975), a Missouri case allowing the joinder of claims arising from successive, yet separate and unrelated automobile accidents.

In *Sims*, the plaintiff was involved in two separate accidents approximately 3 months apart in St. Louis County. Plaintiff filed suit in the Circuit Court of the City of St. Louis naming Sims and her insurance carrier for uninsured motorist coverage (the other driver in the second accident was without insurance) as co-defendants. *Sims*, 886 S.W.2d at 719. Like the plaintiffs in *Jinkerson*, plaintiff combined the allegations of both accidents into a single count in the petition, alleged she was injured as a direct result of the combined negligence of the defendants, and alleged that her injuries were superimposed upon one another such that she could not separate her injuries and damages sustained in each collision, therefore, she was entitled to recover from each defendant jointly and severally. *Id.*

The *Sims* court reviewed the *Jinkerson* decision and flatly rejected the plaintiff's contentions that joinder was proper and that each defendant was jointly and severally liable for all of her injuries. The court reiterated the fact that each defendant was responsible only for the injuries caused in the accident in which he or she was involved and stated that because each defendant's liability, if any, arises out of a separate occurrence, it follows that neither defendant's liability arises out of a "series of occurrences," and thus, liability could not possibly arise out of the *same* series of occurrences. *Sims*, 886 S.W.2d at 721, n. 5.

■ It is apparent from these cases that multiple defendants in separate, unrelated, yet successive auto accidents cannot be held jointly liable under Missouri law as it now stands. While appellant cites several cases in support of her position that where two or more persons acting independently are guilty of consecutive acts of negligence causing an indivisible injury which cannot reasonably be apportioned between the negligent defendants, both tortfeasors are jointly and severally liable for all the injured party's damages, many of these cases do not involve the specific fact scenario of successive, yet separate auto accidents.[1] Those cases cited by appellant that do involve successive accidents are also unpersuasive as the fact situations involved indicate that the separate accidents were either part of a chain of accidents or, at the very least, part of the same series of transactions or occurrences that was not established by the facts in *Jinkerson*, *Sims*, or in the case at bar.[2]

This is not to say that appellant does not have a cause of action against Phillips and against Corlew separately. If appellant is able to establish that she suffered injury as a result of the alleged negligence of the individual opposing defendant, she may recover from that defendant in that action.[3] Once

---

1. Two cases cited by appellant, *Sanders v. Wallace*, 817 S.W.2d 511 (Mo.App.1991) and *McDowell v. Kawasaki Motors Corp.*, 799 S.W.2d 854 (Mo.App.1990) involve product liability claims. *Brickner v. Normandy Osteopathic Hosp., Inc.*, 687 S.W.2d 910 (Mo.App.1985) and *Koenig v. Babka*, 682 S.W.2d 96 (Mo.App.1984) involve medical malpractice claims. *Elfrink v. Burlington N. R.R. Co.*, 845 S.W.2d 607 (Mo.App.1992), involved a single occurrence with multiple defendants, and stands for the principle that apportionment of fault arising from the single incident does not effect an individual plaintiff's right to collect the full amount of the judgment from any one defendant.

2. In *Sparks v. Ballenger*, 373 S.W.2d 955 (Mo. 1964), the plaintiff was involved in an auto accident in which he and his wife sustained serious injuries. An ambulance was summoned and while in route to the hospital, the ambulance was involved in a second accident. While not the same accident, these two incidents are clearly part of the same "series of transactions or occurrences," a factor not present in *Jinkerson* and *Sims*.

In *Brantley v. Couch*, 383 S.W.2d 307 (Mo.App. 1964), the auto in which the plaintiff was a passenger rear-ended another vehicle at a stoplight and was then promptly rear-ended itself by the car driven by defendant. This chain collision is encompassed in one occurrence for the purposes of joint liability.

In *Barlow v. Thornhill*, 537 S.W.2d 412 (Mo. banc 1976), the auto in which the plaintiff was a passenger was rear-ended by the defendant's vehicle. While exchanging information after the accident, it began to rain so plaintiff returned to the car in which he was riding. At this time, approximately 10 to 15 minutes after the first collision, a second car ran into the vehicle in which plaintiff was a passenger. While not a chain type collision, the two accidents were clearly part of the same series of occurrences.

3. Appellant's right to recover would include the right to bring an action against Phillips for aggravation of any preexisting injury if such aggravation is able to be established. *Miller v. Gulf, Mobile & Ohio R.R. Co.*, 386 S.W.2d 97, 102 (Mo.1964).

she satisfied the elements of her claim, it becomes the burden of the individual defendants to challenge the extent of appellant's injuries directly attributable to their own negligence.

The trial court did not err in granting the summary judgment motion of Phillips on Count III of appellant's petition alleging that Phillips was jointly and severally liable for her injuries arising out of both accidents, as she cannot be jointly liable with Corlew for appellant's injury as the two accidents in question were not part of the same transaction, occurrence, or series of occurrences. The trial court did err, however, in granting Phillips' motion for summary judgment as to Count II, as this count deals with Phillips' individual liability for her alleged negligence in causing injury to plaintiff arising from the second accident only and there was uncontradicted medical testimony that appellant sustained additional, new injuries in the second accident. The judgment of the trial court is affirmed in part and reversed in part.

All concur.