**STATE of Missouri, ex rel. Diana M. HEFFNER, Relator,**

v.

**The Honorable John I. MORAN, Respondent.**

**No. WD 52324.**

Missouri Court of Appeals, Western District.

Sept. 17, 1996.

Paul Hasty, Jr., Patrick E. McGrath, Arlen L. Tanner, Wallace, Saunders, Austin, Brown and Enochs, Kansas City, for Relator.

G. Spencer Miller, Miller & Marske, Kansas City, for Respondent.

Before ELLIS, P.J., and ULRICH and BRECKENRIDGE, JJ.

ELLIS, Presiding Judge.

On February 1, 1994, Andrea Nixon filed suit against American Lodging, Inc. for injuries she alleged occurred in a slip and fall on December 20, 1992. On March 1, 1995, pursuant to a motion filed by plaintiff Nixon requesting leave to do so, the respondent judge granted plaintiff leave to file an amended petition naming the estate of John Bray as a defendant in lieu of American Lodging, and further granting plaintiff leave to add Diana Heffner as a defendant.

In plaintiff Nixon's amended petition, she alleged, in addition to the original allegations, that she suffered personal injuries as a result of an automobile accident that occurred on March 9, 1993, which involved defendant Heffner. Plaintiff Nixon's amended petition did not allege that defendant Heffner had any involvement with plaintiff Nixon's slip and fall accident of December 20, 1992. Likewise, the amended petition did not allege any involvement by the separate defendant, the estate of John Bray, in the motor vehicle accident of March 9, 1993. Plaintiff Nixon's amended petition only alleged that the motor vehicle accident aggravated the injuries she claimed to have received in the slip and fall accident and that the injuries from the two separate and distinct accidents were indivisible.

Defendant Heffner filed a motion requesting the respondent judge to set aside and withdraw the court's order allowing plaintiff to amend her petition to join Ms. Heffner as a defendant, or in the alternative, for an order dismissing defendant Heffner from the lawsuit against the estate of John Bray, or in the alternative, for an order severing and bifurcating plaintiff Nixon's claim against defendant Heffner from the lawsuit against the estate of John Bray. On November 20, 1995, the respondent judge entered an order overruling defendant Heffner's motion.

Thereafter, on February 13, 1996, James P. Gracheck, D.O., one of plaintiff Nixon's health care providers and one of her designated experts, was deposed and testified that plaintiff Nixon's injuries could be divided and attributed to the separate accidents. As a result, on February 16, 1996, defendant Heffner filed a second motion to set aside the court's order allowing plaintiff to file the amended petition joining defendant Heffner, or to dismiss Heffner from the underlying case, or to sever and bifurcate the claims. On February 20, 1996, the respondent judge denied defendant Heffner's second motion.

Defendant Heffner then filed a petition in this court for a writ of mandamus and/or prohibition, requesting that this court compel respondent to: set aside and/or withdraw respondent's order permitting the amendment of plaintiff's petition to add Ms. Heffner to the lawsuit against the estate of John Bray; or in the alternative, to dismiss defendant Heffner from the lawsuit against the estate of John Bray; or in the alternative, to sever plaintiff's claims against defendant Heffner from her separate and unrelated claims against the estate of John Bray. This court issued its preliminary order directing respondent to stay proceedings pending final resolution of this action.

■ Defendant Heffner argues that the respondent Judge's order authorizing her joinder was improper. Rule 52.05(a), in pertinent part, provides:

All persons may be joined in one action as defendants if there is asserted against

them jointly, severely, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

Defendant Heffner contends that Rule 52.05(a) only permits joinder of the defendants if the claims arrive out of the same transaction or occurrence. She contends that it is only when the claims against the separate defendants arise from the same transaction or occurrence that the second prong of Rule 52.05(a) is examined to see if any question of law or fact common to all of them will arise in the action. She further contends that, on the face of the underlying amended petition for damages, it is clear that the separate defendants, the estate of John Bray and Diana Heffner, have no connection or privity, and that the two incidents giving rise to plaintiff Nixon's causes of action against each of the defendants are separate and distinct and did not arise out of the same transaction, occurrence, or series of transactions or occurrences. Therefore, defendant Heffner asserts the trial court erred in granting joinder by way of authorizing plaintiff Nixon to file her amended petition.

Defendant Heffner's petition is well taken. In *State ex rel. Jinkerson v. Koehr*, 826 S.W.2d 346 (Mo. banc 1992), our Supreme Court addressed the propriety of joining defendants involved in successive accidents in the context of a venue challenge. The plaintiffs attempted to join defendants involved in successive automobile accidents which occurred approximately eleven months apart. The plaintiffs filed suit in the City of St. Louis combining the allegations of both accidents in one count and claiming they were seriously and permanently injured as the result of the successive negligent acts or omissions of the defendants "in combination." *Id.* at 346. The essence of our Supreme Court's opinion in *Jinkerson* dealt with the issue of venue and the fact that joining the two separate causes of action in a cause of action in a single petition did not create venue in the City of St. Louis over both actions, particularly where venue as to one defendant was not otherwise proper. *Id.* at 348. However, the court further determined that "the facts [of the case] did not call for application of joint liability." *Id.* The court stated:

> Because there is no common liability among the defendants, the [plaintiffs] should not be allowed to join the two accidents in one petition *despite* the language of Rule 52.05(a) regarding permissive joinder. Rule 52.05(a) provides that "[a]ll persons may be joined in one action as defendants *if there is asserted against them jointly, severely, or in the alternative, any right to relief in respect or arising out of the same transaction, occurrences, or series of transactions or occurrences and if any question of law or facts common to all of them will arise in the action.*" The two accidents alleged in the [plaintiffs'] petition did not arise out of the same transaction or occurrence. Each defendant is responsible for the injuries caused in the accident in which he or she was involved.

*Id.* (emphasis added).

■ This court recently followed *Jinkerson* in *Carlton v. Phillips*, 926 S.W.2d 8 (Mo.App. W.D.1996). In that case, we stated that in the foregoing pronouncement, the Supreme Court effectively overruled *Hager v. McGlynn*, 518 S.W.2d 173 (Mo.App. W.D. 1974), a case from this court allowing joinder claims arising from successive, yet separate and unrelated accidents. *Carlton*, 926 S.W.2d at 11. In *Carlton*, we further recognized that the eastern district had reached a similar result in *State ex rel. Sims v. Sanders*, 886 S.W.2d 718 (Mo.App. E.D.1994). Furthermore, the eastern district followed *Sims* in *State ex rel. Farrell v. Sanders*, 897 S.W.2d 125 (Mo.App. E.D.1995). As we stated in *Carlton*, "[i]t is apparent from these cases that multiple defendants in separate, unrelated, yet successive ... accidents cannot be held jointly liable under Missouri law as it now stands." *Carlton*, 926 S.W.2d at 12.

As a result, the respondent judge erred in granting joinder of defendant Diana Heffner in the case with the defendant, estate of John Bray. We have heretofore entered our preliminary order in prohibition directing the respondent judge to refrain from all action in plaintiff Nixon's case against the estate of John Bray and Diana M. Heffner until fur-

ther order of this court. We now conclude that mandamus is the appropriate remedy. We therefore quash our preliminary writ of prohibition and now issue our permanent writ of mandamus directing respondent to sever plaintiff Nixon's cause of action against Diana M. Heffner from plaintiff Nixon's cause of action against the estate of John Bray, leaving both causes of action pending as separate actions in said court and subject to further proceedings.

All concur.