**Charles H. and Joyce CRISWELL,**
**Appellants,**

v.

**John C.W. SHORT, Respondent.**

**No. 23936.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 15, 2002.

Motion for Rehearing or Transfer Denied
March 11, 2002.

Application for Transfer Denied
April 23, 2002.

William W. Francis, Jr., Rocky T. Cannon, Placzek & Francis, Springfield, for appellants.

John L. Mullen, Nikki Cannezzaro, Kansas City, for respondent.

ROBERT S. BARNEY, Chief Judge.

Plaintiffs Charles and Joyce Criswell appeal from the judgment of the Circuit Court of Greene County, after a jury verdict in favor of Defendant John Short. Plaintiffs' claim arose from an automobile accident involving Defendant Short whereby Defendant rear-ended Plaintiffs' vehicle. Plaintiffs raise five points on appeal. Point Four is dispositive. Only Point Four is addressed. We reverse and remand for a new trial.

The accident occurred on the off-ramp of Highway 65 and Sunshine Street in Springfield, Missouri. Defendant Short was in the exit lane off of Highway 65 preparing to make a right turn to head east on Sunshine Street. Plaintiffs' vehicle was directly in front of Defendant. Plaintiffs' vehicle was stopped at a yield sign while waiting for traffic to clear. Plaintiff Charles Criswell started to move forward into traffic but then stopped. Defendant freely admitted that he did not see Plaintiffs' vehicle stop prior to running his vehicle into the back of Plaintiffs' vehicle. Plaintiff Charles Criswell alleged various injuries resulting from the accident, including aggravation of a pre-existing back condition. More specifically, prior to the accident, Plaintiff Charles Criswell suffered from degenerative spondylosis of the lumbar spine. Spondylosis is a general term for degeneration of the spine. Ultimately, he was diagnosed with having spondylolisthesis. The record shows that spondylolisthesis is a condition involving the forward displacement of one vertebra over another. Plaintiffs alleged the accident caused Plaintiff Charles Criswell's already bad back to become worse, requiring surgical installation of screws and plates in his back.

In their fourth point, Plaintiffs posit trial court error in denying them the opportunity to explain, in context with their verdict director, the law that a plaintiff with a pre-existing injury is entitled to recover against a defendant for negligent conduct that aggravated those pre-existing injuries. Plaintiffs argue that "MAI clearly permits, and indeed recommends, the attorneys argue the meaning of the instructions."

At the commencement of their closing argument, Plaintiffs' counsel stated:

This is what I alluded to in Voir Dire, and the law is that you take a plaintiff as you find them. Sometimes—

Defense counsel objected, stating to the trial court that Plaintiffs' counsel was "arguing the law. The law is in the instruction the Court gave to the jury." The trial court sustained the objection.[1]

On the other hand, Defense counsel was granted considerable leeway in his argument to the jury regarding Plaintiff Charles Criswell's pre-existing physical condition. Defense counsel first set out:

---

1. Later, Plaintiffs' counsel was able to state to the jury that Plaintiff Charles Criswell "had a pre-existing condition. We've made no secret of that" and that "everyone said this accident directly caused a new condition. Or as [the verdict director] says, directly contributed to cause an aggravation of [Plaintiff Charles Criswell's] pre-existing condition."

But what these records do indicate is that two years before the accident, he had degenerative problems with his back. He had degenerative facet joints. He had degenerative arthritis, all in the exact same area which he's claiming injury for now, for which he's suing my client.

Defense counsel also related:

If—if somebody comes in and says that somebody rear-ended me and I immediately had pain just like that, it's a logical assumption. But when you've got a bad back and you've got degenerative facet joints, you don't start getting pain until well after the accident occurred and then you don't tell that to your doctor, you don't tell that to your doctor and then you put him under oath, it's not right.

Defense counsel continued:

The facet joints are what allows [sic] your spine to flex, to go back and forth. And he [referring to expert witness] said that his facet joints were degenerated before this accident. They were breaking down.

Defense counsel finished his summation with the following remarks:

Consider this claim that they're making here and ask this question: Was the spondylolisthesis there before the accident? Because all the doctors agree that what this surgery was about was to correct his spondylolisthesis. The spondylolisthesis was there before the accident. Dr. Clarke testified to that and Dr. Shaeffer testified to that. They showed you that on the x-rays. I—and I think that is beyond all reasonable dispute.

You've heard from the doctor that took—that ordered the x-rays and the doctor who originally interpreted them.

And if the spondylolisthesis was there before the accident, how on earth did [Defendant] cause that? How did he contribute to cause something that was there before this accident ever occurred? How is that possible?

 "We review the trial court's ruling in closing argument for an abuse of discretion." *Nelson v. Waxman,* 9 S.W.3d 601, 606 (Mo. banc 2000). "An abuse of discretion exists only if the trial court's decision was clearly against reason and results in prejudice to the opposing party." *Grose v. Nissan North America, Inc.,* 50 S.W.3d 825, 830 (Mo.App.2001). "Trial counsel is afforded wide latitude in closing argument in arguing facts and drawing inferences from the evidence." *Vititoe v. Lester E. Cox Med. Ctrs.,* 27 S.W.3d 812, 816 (Mo.App.2000).

 "[A] defendant is generally liable for the aggravation of pre-existing conditions caused by his negligence or a statutory violation." *Miller v. Gulf, Mobile & Ohio R.R. Co.,* 386 S.W.2d 97, 102 (Mo. 1964); *see also Thompson v. Healzer Cartage Co.,* 287 S.W.2d 791, 794 (Mo.1956); *Jones v. Carter,* 234 S.W.2d 229, 231 (Mo. App.1950).

 Supreme Court Rule 70.02 governs instructions to juries.[2] The rule mandates the use of Missouri Approved Instructions ("MAI") when such instructions have application in a particular case. Rule 70.02(b). "[S]trict adherence to MAI instruction forms and 'Notes on Use' is required by our Supreme Court...." *Roth v. Atchison, Topeka & Santa Fe Ry. Co.,* 912 S.W.2d 583, 591 (Mo.App.1995). MAI explains that "[w]ith the required disappearance of argument from the court's instructions, it is in the lawyer's arguments that the jury now must be 'instructed' upon the

---

**2.** Rule references are to Missouri Court Rules (2001).

effect of presumptions, inference, bits of evidence and the like if it will be so instructed." MAI, *"Why and How to Instruct a Jury"*, LXXV–LXXVI (5th ed.1996). This is so because rules of law, presumptions, inferences and the like are not to be set out in instructions. *Id.* at LXXV.

MAI also sets out that "jury arguments are not to be limited by the context of the jury instructions but by the scope of trial." *Id.* at LXXVI. It advises attorneys that they may "flesh out" the jury instructions in their argument to the jury. *Id.* at LXXVII. Further, it is up to each advocate to control the other and the duty of opponents to object to misstatements of law. *Id.* at LXXVI.

*Lovelace v. Reed,* 486 S.W.2d 417, 417–18 (Mo. banc 1972) involved the wrongful death of a child resulting from defendant's operation of his vehicle when the vehicle struck the child while she was attempting to cross a highway. Evidence admitted at trial supported Plaintiff's argument that Defendant could have avoided the accident by taking corrective action. *Id.* at 419. However, the trial court refused to allow Plaintiff's counsel to argue that the Defendant could have avoided the collision by sounding his horn or swerving. *Id.* at 418. The trial court stated that the issue of failure to sound the horn was not submitted to the jury by way of instruction; therefore, counsel could not make such an argument. *Id.* In granting a new trial to Plaintiff, the Supreme Court of Missouri determined that Plaintiff was improperly denied the right to argue proximate cause and, accordingly, Plaintiff was prejudiced by the trial court's actions. *Id.* at 419.

Here, evidence at trial supported Plaintiffs' argument that Plaintiff Charles Criswell had a pre-existing back condition prior to the time of the accident in question, and that as a proximate result of Defendant's negligence, this pre-existing condition was made worse. In the context of Plaintiffs' verdict director, Plaintiffs' counsel was erroneously prevented from explaining to the jury that Plaintiff Charles Criswell's pre-existing physical condition, per se, did not preclude Plaintiffs from recovering damages in their favor. *See Miller,* 386 S.W.2d at 102. The trial court abused its discretion, resulting in prejudice to Plaintiffs because Defense counsel's comments led the jury to believe that Defendant was not responsible for Plaintiffs' damages because Plaintiff Charles Criswell suffered from back problems *before* the accident. *Id.; see* parallel discussion in *Lovelace,* 486 S.W.2d at 419. Point well taken.

The judgment is reversed and remanded for a new trial.

SHRUM, P.J., and MONTGOMERY, J., concur.