STATE ex rel. James Albert
**TURNBOUGH, Relator,**

v.

The Honorable Carl E. **GAERTNER,**
**Judge of the Circuit Court of the City of**
**St. Louis, State of Missouri, Respondent.**

No. 61092.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1979.

Ben Ely, Jr., K. Steven Jones, St. Louis, for relator.

Donald L. Schlapprizzi, Mark F. Haywood, St. Louis, for respondent.

FINCH, Senior Judge.

This is an original proceeding in prohibition wherein James Albert Turnbough as relator seeks to prevent Judge Gaertner from proceeding further with the case of *David L. DeRousse v. St. Louis-San Francisco Railway Company (Frisco)* and James Albert Turnbough. That suit, filed in the Circuit Court of the City of St. Louis, contains two counts. Count I seeks recovery from Frisco for injuries sustained in a vehicular accident on December 21, 1977, while DeRousse was an employee of Frisco. Injuries alleged were soft tissue injuries to his head, neck, back and spine and left elbow, plus a brain concussion and aggravation of a pre-existing neck condition. Recovery is sought on the basis of the Federal Employers' Liability Act, 45 U.S.C., § 51 *et seq.* (1976). Count II, based on negligence, seeks recovery from Turnbough for injuries allegedly sustained on December 27, 1977, when an automobile operated by Turnbough collided with an automobile in which DeRousse was a passenger. Injuries alleged were a fractured rib, a strain and sprain of the left leg and hip and aggravation of injuries received in the December 21, 1977 accident.

DeRousse and Turnbough are residents of Cape Girardeau County where both accidents occurred. Frisco has its principal place of business in St. Louis but it operates trains through Cape Girardeau County.

Turnbough filed a motion to sever the two counts and to dismiss Count II for lack of venue. Judge Gaertner overruled both portions of the motion and plans to proceed with trial of the case. Turnbough unsuccessfully sought prohibition in the Missouri Court of Appeals, Eastern District, after which he filed this proceeding. We issued a provisional rule in prohibition. We now make that rule permanent.

Two questions are presented on appeal. Was joinder of Counts I and II permissible under Rule 52.05(a) and does the Circuit Court of the City of St. Louis have venue of the cause of action stated against Turnbough in Count II? We consider first the question of venue.

Section 508.010 RSMo 1969, the general venue statute, rather than § 508.040, which deals with suits against corporations, has been held to be the applicable statute when suit is brought against a corporation and an individual. *State ex rel. Baker v. Goodman*, 364 Mo. 1202, 274 S.W.2d 293 (banc 1954). Hence, § 508.010 governs whether there is venue of Count II. It provides in pertinent part as follows:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found.

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

* * * * * *

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state, * * *"

Venue of Count II is not in the City of St. Louis under § 508.010(1) because Turnbough does not reside in St. Louis nor was he found and served there. He resides in and was served in Cape Girardeau County. Nor is there venue of Count II under § 508.010(6) because the cause of action against Turnbough accrued in Cape Girardeau County, not the City of St. Louis.

Respondent's brief concedes that when the claim of DeRousse against Turnbough is considered separately there is no independent basis for venue thereof in the Circuit Court of the City of St. Louis. However, his position is that there is venue of Count I which contains the DeRousse claim against Frisco and that when Count II is joined in the same petition with Count I, there is venue in the City of St. Louis as to Count II because when there are multiple defendants residing in different counties, § 508.010(2) authorizes suit in the county wherein any one of the defendants resides.

In making this contention respondent relies on Rule 52.05(a)[1] which superceded § 507.040 RSMo 1949 and governs permissive joinder of asserted claims for relief. This position of respondent is predicated on the proposition that by joining two or more separate causes of action in a single petition

1. Rule 52.05(a) provides:

"(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their liabilities."

pursuant to Rule 52.05(a), venue as to all is created in any county wherein any one of the several defendants resides even though there would not have been venue as to one (or more) of the counts if filed separately in that county. The joinder is said to result in venue as to the counts so joined.

We reject this contention. Respondent's argument ignores the language of Rule 51.01 which clearly and explicitly states that the Rules of Civil Procedure, of which Rule 52.05(a) is a part, "shall not be construed to extend or limit the jurisdiction of the Courts of Missouri or the venue of civil actions therein." This limitation is underscored by the Committee Note to Rule 51.01, promulgated when the rule was first adopted. It observes that even though venue may be procedural rather than substantive within the meaning of Mo.Const. art. V, § 5 which grants rule making authority to the Supreme Court and even though establishment of venue by procedural rule may be permissible, such a determination was avoided by the Court by the disclaimer contained in Rule 51 that venue *was not* to be established or limited on the basis of the Rules of Civil Procedure. Therefore, assuming, but not deciding, that joinder of Counts I and II was authorized by Rule 52.05(a), that fact would not establish venue as to Count II under the provisions of § 508.010(2). To hold otherwise would mean that, contrary to the express provisions of Rule 51.01, venue as to Count II would be established by means of Rule 52.05(a) when it would not have existed without such joinder.[2]

Respondent argues that *Hager v. McGlynn*, 518 S.W.2d 173 (Mo.App.1974), supports the proposition that where there is venue as to one count and there is joinder of another count pursuant to Rule 52.05(a), venue exists as to the count so joined.

Such is not the case. *Hager* involved a situation wherein plaintiff, in separate counts, sued two defendants with whom plaintiff had collided at different times. The suit was filed in Jackson County where both accidents had occurred and where both defendants resided. The issue resolved in *Hager* was whether joinder of the two claims was desirable and was permissible under Rule 52.05(a). There was no issue as to venue. As a matter of fact the Circuit Court of Jackson County had venue of each claim if asserted separately and hence had venue when they were joined. The case does not support the contention of respondent in this case with respect to venue.

Having so concluded, we need not and do not reach or decide the question of whether joinder of Counts I and II was permissible under Rule 52.05(a).

Count II should have been dismissed. Hence, we make permanent our rule in prohibition against respondent proceeding further with reference to trial of Count II.

DONNELLY, RENDLEN, SEILER, WELLIVER and MORGAN, JJ., and HENLEY, Senior Judge, concur.

BARDGETT, C. J., not sitting.

HIGGINS, J., not participating because not a member of the court when cause was submitted.

---

**2.** The parties do not cite or discuss *State ex rel. Garrison Wagner Co. v. Schaaf*, 528 S.W.2d 438 (Mo.banc 1975) which holds that third party proceedings are ancillary to the principal action and that it is not necessary to show an independent basis of venue of the third party proceeding before permitting its joinder with the principal action. *See* Comment, Civil Procedure—"Ancillary" Venue in Third-Party Practice In Missouri, 41 Mo.L.Rev. 582 (1976). In this case Count II is not ancillary to Count I but is an entirely separate and independent claim. Hence, *Garrison Wagner* does not require a ruling in favor of respondent in this case.