**STATE ex rel. Ronnie Lee JINKERSON, Relator,**

v.

**Honorable Jack L. KOEHR, Judge, Circuit Court, St. Louis City, Respondent.**

No. 73926.

Supreme Court of Missouri, En Banc.

March 24, 1992.

Michael R. Noakes, Robyn G. Fox, St. Louis, for relator.

Thomas P. O'Driscoll, St. Louis, for respondent.

THOMAS, Judge.

Relator, Ronnie Lee Jinkerson, seeks by prohibition to prevent respondent, the Honorable Jack L. Koehr, from proceeding with the case of *Brenda and Quenton Ayuso v. Richard T. Matthews and Ronnie Lee Jinkerson.*

The Ayusos, plaintiffs in the underlying action, were involved in two separate automobile accidents. The Ayusos are residents of St. Louis County. The first accident occurred on March 12, 1986, in St. Louis County. The other motorist involved was relator, Ronnie Lee Jinkerson. Jinkerson was a resident of St. Louis County at the time of the accident. After the accident, Jinkerson moved to Kansas City, Missouri, where he was served. The second accident occurred on February 26, 1987, in the City of St. Louis. The other motorist involved, Richard Matthews, resided in St. Louis County.

On April 1, 1987, the Ayusos sued Matthews in the Circuit Court of the City of St. Louis for injuries sustained in the second accident. On September 28, 1988, the Ayusos filed their first amended petition which named Jinkerson, Joanne J. Kroeger, and Allstate Insurance Company as defendants in addition to Matthews. Like Jinkerson, Kroeger was a resident of St. Louis County. The Ayusos joined Jinkerson and Kroeger for their involvement in the first accident. Allstate Insurance Company was named as the Ayusos' insurance carrier for uninsured motorist coverage in the second accident. The Ayusos combined the allegations of both accidents in Count I of their petition. The Ayusos alleged that they were seriously and permanently injured "as a direct and proximate result of the successive negligent acts or omissions of the Defendants, in combination."

The Ayusos filed their second amended petition on May 19, 1989, upon information and belief that Jinkerson was an uninsured motorist. The second amended petition

named Farmers Insurance Group as a defendant. Finally, on July 11, 1990, the Ayusos filed their third amended petition, which is the underlying cause of action presently before this Court. Their third amended petition identified Mid Century Insurance Company as the proper party to defend the uninsured motorist claim involving Jinkerson. The third amended petition contained the same allegations as the first amended petition.

The Ayusos settled their claims against Mid Century Insurance Company and Farmers Insurance Group and dismissed them as defendants in the lawsuit. This action is pending in the Circuit Court of the City of St. Louis (the location of the second accident). The remaining defendants include Richard Matthews (the other motorist) and Allstate Insurance (the insurance carrier for the uninsured motorist claim) for the second accident (which occurred in the City of St. Louis) and Jinkerson (the other motorist) and Kroeger (a motorist the Ayusos had to stop to avoid) in the first accident (which occurred in St. Louis County).

In April of 1991, Jinkerson was served in the underlying action. On April 24, 1991, Jinkerson filed a motion to quash the summons and to dismiss for lack of jurisdiction and improper venue. Respondent overruled Jinkerson's motion. Jinkerson then sought a writ of prohibition in the Missouri Court of Appeals, Eastern District, which was summarily denied. We issued a preliminary order in prohibition. We now make that order absolute. Further, we direct respondent to transfer the cause of action alleged against Jinkerson to the Circuit Court of St. Louis County pursuant to § 476.410, RSMo Supp.1991.

■ The issue before us is whether the Circuit Court of the City of St. Louis has venue over the cause of action stated against Jinkerson.

Section 508.010, RSMo 1986, the general venue statute, governs whether the Circuit Court of the City of St. Louis has venue over the first accident involving Jinkerson. It provides in pertinent part as follows:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

. . . . .

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

. . . . .

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; . . . .

The Circuit Court of the City of St. Louis does not have venue over the first accident involving Jinkerson under § 508.010(2) because neither Jinkerson nor Kroeger resided in the City of St. Louis. Similarly, venue cannot be established pursuant to § 508.010(6) because the first accident occurred in St. Louis County, not in the City of St. Louis.

The facts of the present case resemble those in *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979). In *Turnbough,* the plaintiff, a resident of Cape Girardeau County, was involved in two automobile accidents that happened in Cape Girardeau County. The first accident occurred on December 21, 1977, and involved the St. Louis–San Francisco Railway Company, which had its principal place of business in the City of St. Louis. The second accident, which occurred on December 27, 1977, involved Turnbough, a resident of Cape Girardeau County. The plaintiff filed suit in the City of St. Louis against the Railway Company and Turnbough seeking damages for injuries sustained in both accidents. We determined that venue did not lie in the City of St. Louis for the action against Turnbough because venue could not be established pursuant to § 508.010(1) and (6). Section 508.010(1) did not provide venue over Turnbough because he neither resided nor was served in the City of St. Louis. Section 508.010(6) did not confer venue over Turnbough in the City of St. Louis because the

**348**

accident occurred in Cape Girardeau County.

Respondent relies on *State ex rel. Bitting v. Adolf,* 704 S.W.2d 671 (Mo. banc 1986), for the proposition that successive acts of negligence resulting in serious and permanent injuries may be combined for venue purposes. In *Bitting,* we allowed the plaintiff to join two causes of action and to establish venue in the City of St. Louis over both. In the first cause of action, the plaintiff sought to recover for injuries sustained in an automobile accident that occurred in St. Louis County from the other motorist. In the second cause of action, the plaintiff alleged medical malpractice in the treatment of the injuries she sustained in the automobile accident by the health care providers who had their principal place of business in the City of St. Louis. We determined that venue was proper in the City of St. Louis because the defendant named in the accident claim was liable for all damages caused by the accident, even subsequent medical malpractice. Our holding was based on the legal principle that a person who negligently causes an accident is liable for all foreseeable damages caused by the accident, including malpractice damages for any negligent treatment of the resulting injuries. *Id.* at 672–673.

Unlike *Bitting,* Jinkerson does not share liability with the defendants involved in the second accident. The Ayusos' petition alleged that the injuries sustained in the two accidents were not separate and distinct but inseparable and indistinguishable thereby creating common liability among all of the named defendants. However, the facts do not call for the application of joint liability. Further, Jinkerson could not have foreseen the risk of the Ayusos being involved in a second automobile accident approximately one year later.

■ Because there is no common liability among the defendants, the Ayusos should not be allowed to join the two accidents in one petition despite the language of Rule 52.05(a) regarding permissive joinder. Rule 52.05(a) provides that "[a]ll persons may be joined in one action as defendants if

there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." The two accidents alleged in the Ayusos' petition did not arise out of the same transaction or occurrence. Each defendant is responsible for the injuries caused in the accident in which he or she was involved. Simply joining the two separate causes of action in a single petition does not create venue over both actions. *Polk County Bank v. Spitz,* 690 S.W.2d 192, 194 (Mo.App.1985). Therefore, the Ayusos must establish venue for each cause of action independently.

We conclude that venue over the first accident lies in St. Louis County. Venue lies in St. Louis County because it was the county in which Jinkerson and Kroeger resided and in which the accident occurred. § 508.010(2), (6). Accordingly, we make our preliminary order in prohibition absolute and order the Circuit Court of the City of St. Louis to transfer the cause of action involving the first accident to the Circuit Court of St. Louis County pursuant to § 476.410, RSMo Supp.1991.

ROBERTSON, C.J., and COVINGTON, HOLSTEIN, BLACKMAR and BENTON, JJ., concur.

RENDLEN, J., not sitting.