**STATE of Missouri ex rel. Melody R. SIMS, Relator,**

v.

**Honorable James SANDERS, Judge, Circuit Court, City of St. Louis, Respondent.**

**No. 66415.**

Missouri Court of Appeals, Eastern District, Writ Division One.

Nov. 8, 1994.

James Parker Lemonds, St. Louis, for relator.

Leo M. Newman, Marc Steven Wallis, Ralph Hart, St. Louis, for respondent.

CRAHAN, Judge.

Relator Melody Sims, a defendant in an action filed in the Circuit Court of the City of St. Louis, filed this original proceeding seeking a writ of mandamus directing Respondent, the Honorable James Sanders, to transfer the cause of action against her to a court of proper venue. We order our preliminary writ heretofore issued be made absolute and direct that the cause be transferred.

Plaintiff in the underlying action is a resident of St. Louis County. In 1992, she was involved in two separate automobile accidents.

The first accident, involving Relator, occurred on April 27, 1992 in St. Louis County. At the time of the accident, Relator was a resident of Jefferson County, Missouri.

The second accident also occurred in St. Louis County on July 24, 1992. The other motorist involved in this accident was David Lee Stevens, who was allegedly uninsured at the time.

Plaintiff filed a petition in the Circuit Court of the City of St. Louis seeking damages for injuries sustained in the two accidents. The petition joined Relator and State Farm Mutual Automobile Insurance Company ("State Farm"), Plaintiff's insurance carrier for uninsured motorist coverage in the second accident, as co-defendants. Plaintiff combined the allegations of both accidents into a single count within the petition. She alleged that she was seriously and permanently injured as a direct and proximate result of the combined negligence of Relator and the uninsured motorist. She further alleged that the injuries were "superimposed upon one another so that the plaintiff is unable to separate the injuries and damages she sustained from each of the collision [sic]" and sought recovery from each of the defendants, jointly and severally.

Relator filed a Motion to Transfer the case against her to either St. Louis County or Jefferson County, due to improper venue in the City of St. Louis. Respondent denied the motion. Relator thereafter sought the instant writ of mandamus in this court.

There is no dispute that, had Relator been sued separately, venue would properly lie either in Jefferson County, her county of residence at the time suit was commenced,[1] or in St. Louis County, the place where the cause of action accrued. § 508.010(1), (6) RSMo 1986.[2] She would not be subject to suit in the City of St. Louis.

Respondent maintains, however, that venue against Relator does properly lie in the City of St. Louis because of the joinder of State Farm, which Plaintiff alleges is a resident of the City of St. Louis. Respondent asserts that joinder of State Farm is

---

1. Apparently, Relator has since moved to St. Louis County. However, Relator concedes that residence for venue purposes is determined at the time suit is filed. *See State ex rel. DePaul*

*Health Ctr. v. Mummert*, 870 S.W.2d 820, 822–23 (Mo. banc 1994).

2. All statutory references are to RSMo 1986 unless otherwise indicated.

permitted by Rule 52.05(a),[3] citing *Hager v. McGlynn*, 518 S.W.2d 173 (Mo.App.1974). Thus, Respondent reasons, this is a suit involving multiple defendants which, pursuant to § 508.010(2), may be brought in the county in which any defendant resides.[4]

These contentions have been squarely rejected by the Missouri Supreme Court. In *State ex rel. Turnbough v. Gaertner*, 589 S.W.2d 290 (Mo. banc 1979), the Missouri Supreme Court held that, even assuming proper joinder pursuant to Rule 52.05(a), venue must still be evaluated separately for each defendant. In *Turnbough*, the plaintiff was injured in an automobile accident while in the employ of a railroad and, less than a month later, was injured in a second automobile accident which allegedly aggravated his injuries from the first accident. The plaintiff and Turnbough, the tortfeasor in the second accident, were residents of Cape Girardeau County, where both accidents occurred. The plaintiff filed a two count petition against the railroad and Turnbough in the City of St. Louis, where the railroad had its principal place of business. The Missouri Supreme Court held that venue as to Turnbough was improper.

The court found it unnecessary to determine whether claims against the railroad and Turnbough could properly be joined pursuant to Rule 52.05(a) because, even assuming proper joinder, Rule 51.01 explicitly provides that the Rules of Civil Procedure are not to be construed to extend or limit venue. 589 S.W.2d at 292. Thus, the court reasoned, even if joinder of the claims was authorized by Rule 52.05(a), such joinder cannot be invoked to establish venue pursuant to § 508.010(2). Otherwise, contrary to the express provisions of Rule 51.01, venue would be extended by joinder pursuant to Rule 52.05(a) when it would not have existed without resorting to the rule. *Id.* Therefore, absent any allegation giving rise to joint or common liability, venue must be separately established as to each defendant.

The court in *Turnbough* expressly acknowledged the Western District's holding in *Hager v. McGlynn* that defendants involved in successive accidents may properly be joined pursuant to Rule 52.05(a) but noted that case did not involve the issue of venue because the suit had been filed in the county where the successive accidents had occurred and both defendants resided. *Id.* Accordingly, the court found it unnecessary to determine whether *Hager* was correctly decided.

The propriety of joining defendants involved in successive accidents was squarely addressed and rejected by the Missouri Supreme Court in *State ex rel. Jinkerson v. Koehr*, 826 S.W.2d 346 (Mo. banc 1992). The facts of *Jinkerson* are virtually identical to the instant case. There, as here, the plaintiffs attempted to join defendants involved in successive automobile accidents which occurred approximately 11 months apart. Had the plaintiffs sued the defendants involved in the first accident in the City of St. Louis, venue would have been improper. The defendants involved in the second accident were subject to suit in the City. The plaintiffs filed suit in the City of St. Louis combining the allegations of both accidents in one count, alleging they were seriously and permanently injured as a result of the successive negligent acts or omissions of the defendants "in combination." *Id.* Plaintiffs further alleged that the injuries sustained in the two accidents "were not separate and distinct but inseparable and indistinguishable thereby creating common liability among all of the named defendants." *Id.* at 348. The supreme court held that such allegations did not call for the application of joint or common liability. *Id.*

The court further held that joinder was not permitted under Rule 52.05(a) because the

---

3. Rule 52.05(a) provides, in relevant part: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

4. Section 508.010(2) provides: "When there are several defendants, and they reside in different counties, the suit may be brought in any such county."

cause of action arising out of the two accidents did not arise out of the same transaction or occurrence. Rather, each defendant was responsible only for the injuries caused in the accident in which he or she was involved. *Id.*[5] Thus, to the extent that *Hager v. McGlynn* holds that permissive joinder is available in successive accident cases, it is contrary to the Missouri Supreme Court's holding in *Jinkerson* and should no longer be followed.

Respondent's reliance on *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194 (Mo. banc 1991) and *State ex rel. Bitting v. Adolf*, 704 S.W.2d 671 (Mo. banc 1986) is misplaced. *Rothermich* involved claims against drivers alleged to have been involved in a single accident, not successive accidents. *Bitting* involved combined claims against a driver for injuries suffered in an automobile accident and physicians alleged to have been negligent in treating those injuries. Joinder and venue were held to be proper because the driver and the doctors could be held jointly liable for the damages caused by the doctors' malpractice. 704 S.W.2d at 673. Contrary to Respondents' contention, *Bitting* did not implicitly overrule *Turnbough*. It is entirely consistent with *Turnbough's* holding that common or joint liability, not joinder, is the touchstone for the determination of whether venue may be predicated on the residence of a co-defendant. Indeed, *Jinkerson* cited *Turnbough* with approval and distinguished *Bitting* on precisely this basis. 826 S.W.2d at 347–48. Further, as discussed above, *Jinkerson* held that the fact pattern of successive accidents as alleged in the petition in this case does not provide a basis for joint liability and does not support permissive joinder pursuant to Rule 52.05(a). Thus, the propriety of venue must be separately determined for each defendant.

In this case, it is undisputed that there is no basis for venue in the City of St. Louis if the action against Relator was brought separately. Accordingly, we order that our pre-

liminary writ of mandamus heretofore issued be made permanent and direct Respondent to transfer the cause of action against Relator to a county of proper venue, pursuant to § 476.410 RSMo Cum.Supp.1993.

CRANDALL, P.J., and SMITH, J., concur.

---

**5.** Further, contrary to Respondent's contention in this case, the causes of action do not arise out of the "same ... series of occurrences." Because each defendant's liability, if any, arises out of a separate occurrence, it follows that neither defendant's liability arises out of a "series of occurrences," and thus could not possibly arise out of the *same* series of occurrences. *See* Comment, *Expansion of Permissive Joinder of Defendants in Missouri*, 41 Mo.L.Rev. 199, 210–14 (1977).