STATE of Missouri, ex rel., Dana L. FARRELL, Terry M. Farrell, and Carol A. Farrell, Relators,

v.

Honorable James SANDERS, Retired Judge, Sitting specially in the Circuit Court for the City of St. Louis, Respondent.

No. 67456.

Missouri Court of Appeals, Eastern District, Division Six.

March 21, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1995.

Application to Transfer Denied May 30, 1995.

Samuel T. Vandover, St. Louis, for relators.

Daniel T. Rabbitt, St. Louis, for Allstate.

Paul E. Kovacs, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relators, Dana L. Farrell, Terry M. Farrell and Carol A. Farrell, seek our writ prohibiting the respondent judge of the twenty-second Judicial Circuit from proceeding further against them in the underlying action in which they are defendants. We issued a preliminary writ which we now make permanent.

Plaintiffs in the underlying action, Joe and Frances Pugliese, are the parents of Salvatore M. Pugliese, who was killed while riding as a passenger in an automobile driven by defendant Dana Farrell, and owned by her parents, defendants Terry and Carol Farrell. Plaintiffs filed a three-count petition in the Circuit Court of the City of St. Louis. Count I alleges the Farrell automobile was insured by defendant Allstate Insurance Company and that said defendant failed and refused to pay medical and funeral expenses as provided by the contract of insurance. Count I seeks damages in the amount of these expenses plus penalties for alleged vexatious refusal to pay. Count II seeks damages from Dana Farrell for the wrongful death of plaintiffs' son because of her alleged negligent operation of the automobile. Count III seeks similar damages from Dana's parents on the alleged theory of negligent entrustment of the automobile to a driver known to be habitually reckless.

■ The accident in which plaintiffs' son was killed occurred in Jefferson County. It is not disputed that the Farrell defendants reside in St. Louis County. Defendant Allstate Insurance Company maintains an office for the transaction of its usual and customary business in the City of St. Louis which, for venue purposes, renders Allstate a resident of the city. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 201 (Mo. banc 1991). Plaintiffs maintain that because their claim against Allstate and their claim against the Farrells both arise out of the same transaction the joinder of the claims is authorized by Rule 52.05(a). We disagree.

Supreme Court Rule 52.05(a) provides that:

All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

In *State ex rel. Jinkerson v. Koehr,* 826 S.W.2d 346 (Mo. banc 1992), our Supreme Court held that in the absence of common or shared liability, where each defendant is responsible for all or part of the same damages resulting from the incident in which he or she was involved, simply joining two separate causes of action in a single petition does not suffice to create venue over a defendant who does not reside in the forum county. *Id.* at 348.

■ "[C]ommon or joint liability, not joinder, is the touchstone for the determination of whether venue may be predicated upon the residence of a co-defendant." *State ex rel. Sims v. Sanders,* 886 S.W.2d 718, 721 (Mo.App.1994). Allstate and the Farrell defendants have no joint, shared or common liability to plaintiffs. The liability of each is totally separate and the damages sought are duplicative, not identical. Allstate's liability is dependent upon a breach of contract which allegedly occurred after the death and burial of plaintiffs' son. The liability of the Farrell defendants arises from their alleged negligence in contributing to cause the injuries which resulted in that death. These are distinct and totally independent claims. They could not be brought to trial on a single count nor submitted to a jury in a single package of instructions and verdict forms. Plaintiffs recovery or failure to recover on one claim is irrelevant to their rights under the other claim.

■ Respondent's reliance on *State ex rel. Bitting v. Adolph,* 704 S.W.2d 671 (Mo. banc 1986) is misplaced. In *Bitting,* the Supreme Court held that the joint liability of a tortfeasor and the doctors who negligently treated a plaintiff for the injuries sustained in the original accident justified joinder and venue. *Id.* at 672–73. No similar joint liability exists here. Allstate and the Farrells do not share joint liability for the same damages sustained

by plaintiffs. Rather, each is liable for distinct elements of such damages. The fact that plaintiffs are entitled to recover a portion of these damages twice under the law pertaining to collateral sources does not create joint, common or shared liability. Therefore, plaintiffs should not be able to join the two separate causes of action in one petition. *Jinkerson,* 826 S.W.2d at 348.

 Venue is a privilege personal to each defendant. *State ex rel. Uptergrove v. Russell,* 871 S.W.2d 27, 29 (Mo.App.1993); *State ex rel. Marlo v. Hess,* 669 S.W.2d 291, 292 (Mo.App.1984). Therefore, a defendant may not be unwillingly compelled to submit to the jurisdiction of a court, absent waiver, unless that jurisdiction is predicated upon statutory authority. "Venue is within the province of the legislature, and a court must be guided by what the legislature says." *Willman v. McMillen,* 779 S.W.2d 583, 585 (Mo. banc 1989).

Accordingly, we make permanent our writ prohibiting the respondent judge of the twenty-second Judicial Circuit from proceeding further in this action against the Farrell defendants other than to grant relator's motion to sever counts and to order counts II and III transferred to the Circuit Court of Jefferson or St. Louis County.

AHRENS and DOWD, JJ., concur.