STATE ex rel. Kendra NIXON and
Brian Nixon, Relators,

v.

The Honorable David C. DALLY,
Respondent.

No. SC 88829.

Supreme Court of Missouri,
En Banc.

April 1, 2008.

Glenn R. Gulick, Jr., Joplin, for relators.

Kevin M. Fitzgerald, Monte P. Clithero, Springfield, Karl W. Blanchard, Jr., Joplin, for respondent.

MICHAEL A. WOLFF, Judge.

### Issue

Does Rule 52.05(a) permit the joinder, in a single case, of claims against two drivers whose cars struck the plaintiff Kendra Nixon's car in separate accidents?

The dispositive question is whether these two claims were a "series" of occurrences, with a common question of fact or law, to come within the terms of Rule 52.05(a).[1] There is a common question of fact in these claims: what caused plaintiff Nixon's injuries, that is, which of Nixon's injuries are the result of the first collision and which of her injuries resulted from the second collision?

### Factual and Procedural History

Plaintiff Kendra Nixon's car was struck in the rear by defendant Shannon Hayes' car in February 2005. Ten months later, in December 2005, Nixon and her husband,

---

1. Supreme Court Rule 52.05(a) provides: (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Brian Nixon, were rear-ended by Defendant William Gardner. Both accidents took place in Jasper County.

Following the February accident, Nixon sought treatment in a local emergency room for injuries to her lower back and neck. Nixon received chiropractic treatment for several months following the accident and then began seeing an osteopathic physician. On her physician's recommendation, Nixon began physical therapy in November 2005 and discontinued treatment about a month later, just before the second collision. Nixon's physical therapy discharge report states that at the time of discharge, which was prior to the second collision, she had ongoing neck and back pain.

Following the December rear-end collision, Nixon sought treatment from Dr. Melvin Karges, a specialist in physical medicine rehabilitation. In his deposition, Karges testified that "... in general symptoms, it appears that the first wreck certainly was [sic] primary trigger of the neck and shoulder symptoms. The second accident, undoubtedly, aggravated that, but appears to have actually created more of the lumbar and right lower extremity symptoms."

Nixon filed suit in February 2007 in Jasper County, the county where both accidents took place. Both Hayes and Gardner were named as defendants, pursuant to Rule 52.05(a)'s permissive joinder provision. Nixon's petition requests joint and several judgment against Hayes and Gardner. Defendant Hayes filed a motion to sever plaintiff's claims against the two defendants, arguing that the two collisions and Nixon's resulting injuries were separate and distinct and did not arise from the same transaction or occurrence, within the meaning of the rule. The respondent judge sustained defendant's motion to sever. A motion to reconsider was filed and overruled.

Contending that Rule 52.05(a) permits joinder of separate defendants in successive tortious incidents, the Nixons, as relators, sought a writ of prohibition in the court of appeals, which denied the writ. This Court issued its preliminary writ of prohibition which is now made absolute.

## Analysis

Rule 52.05(a) permits permissive joinder of defendants in separate cases "aris[ing] out of the same transaction, occurrences or *series of transactions or occurrences* and if any question of law or fact common to all of them will arise in the action." (emphasis added). Respondent trial judge contends that this Court in *State ex rel. Jinkerson v. Koehr* decided the "very issue" of whether two separate car accidents involving two separate defendants qualify as the "same transaction, occurrences or series of transactions." 826 S.W.2d 346 (Mo. banc 1992). The issue presented in *Jinkerson*, however, was the effect that permissive joinder had on venue where the accidents occurred in different counties. *Id.* at 347. The holding does not control the propriety of permissive joinder in separate accident cases.

The facts of *Jinkerson* are very similar to those in the case at hand. The *Jinkerson* plaintiff was involved in two car accidents, several months apart, with two separate defendants. The first accident was in St. Louis City, and the second accident was in St. Louis County. Plaintiff filed suit in St. Louis City, joining both defendants under Rule 52.05(a). "The issue before [the Court was] whether the Circuit Court of the City of St. Louis ha[d] venue over the cause of action" against the second defendant, Jinkerson, whose accident occurred in St. Louis County. *Id.* The venue statutes in place at the time of *Jinkerson* allowed suits to be brought either in any county in which a defendant

resided or "where the cause of action accrued regardless of the residence of the parties." Section 508.010(2), (6), RSMo 1986.

*Jinkerson* held that "[t]he Circuit Court of the City of St. Louis does not have venue over the first accident involving Jinkerson under [section] 508.010(2) because neither Jinkerson nor Kroeger resided in the City of St. Louis. Similarly, venue cannot be established pursuant to [section] 508.010(6) because the first accident occurred in St. Louis County, not in the City of St. Louis." 826 S.W.2d at 347. This holding had the incidental effect of barring the permissive joinder of the defendants, but only insofar as it pertained to venue. Had the accidents taken place in the same county, the *Jinkerson* holding would not have affected the validity of the permissive joinder. It is important to note that venue is not at issue in the present case. The two accidents took place in the same county in which the suit was brought. This Court also does not address the issue of whether venue in the *Jinkerson* situation would be correct under the 2005 amended venue statute that specifies that venue is proper in the county where the "first injury" occurred.[2]

This Court views the two discrete accidents involved in Nixon's claim as a "series of occurrences" as described in Rule 52.05(a). The common meaning of series is a "group of . . . events . . . succeeding in order and having a like relationship to each other," which can include events that are in "temporal succession."[3] The definition of "series" does not require that the events be related to a common cause. Rule 52.05(a) requires that the series of

occurrences be related by a common question of law or fact, a requirement that is readily apparent here because of the common factual question as to the origin of Nixon's injuries.

This view is consistent with federal courts' interpretation of the same permissive joinder language in Rule 20 of the Federal Rules of Civil Procedure. Rule 52.05(a) is derived from the federal rule, and this Court has held that the interpretation of a Missouri rule generally should be "in accord with the interpretation of the federal rule from which it came." *State ex rel. Farmers Ins. Co. v. Murphy,* 518 S.W.2d 655, 662 (Mo.1975).

Two or more discrete accidents involving unrelated defendants do constitute a "series" of transactions under the federal permissive joinder rule. In *Diehl v. H.J. Heinz Co.,* 901 F.2d 73, 73–74 (7th Cir. 1990), the plaintiff was first injured when she was struck by a forklift at a warehouse owned by one defendant, Metromail, and again approximately four months later, when she tripped over debris in a warehouse owned by Heinz, a separate defendant. There was no relationship between the two defendants or the circumstances of the accidents. "It may seem odd that a single complaint should encompass injuries inflicted four and a half months apart by different firms not acting in concert, but [the plaintiff's] claim is that the accident at the Heinz warehouse aggravated the back injury she had sustained in the accident at the Metromail warehouse," the court observed. "If true, and if both defendants were negligent or otherwise culpable, this would make them successive joint tortfeasors despite the lack of concert between

---

**2.** Section 508.010 was revised in 2005 and contains the following new provision: "Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action." Section 508.010.4, RSMo Supp.2007.

**3.** WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2073 (1993).

them...." [4] *Diehl v. H.J. Heinz Co.,* 901 F.2d 73, 73–74 (7th Cir.1990) (citing 7 Wright, Miller & Kane, Federal Practice and Procedure Section 1653, at p. 385 (2d ed.1986)). *See also Poster v. Central Gulf S.S. Corp.,* 25 F.R.D. 18, 20 (E.D.Pa.1960); *Lucas v. City of Juneau,* 127 F.Supp. 730, 732 (D.Alaska 1955). As in *Diehl,* the injuries Nixon incurred in the first accident were aggravated by the second accident.

Missouri precedents also support permissive joinder in this case. *Hager v. McGlynn* addressed "the question of permissive joinder by the plaintiff of two defendants who collided with the plaintiff at different times and places." 518 S.W.2d 173, 174 (Mo.App.1974). The court concluded that "[s]eparate trials in this case would result in the situation in which two juries sitting separately would each be faced with the argument that the greater portion of the injury was caused by the absent defendant....[W]hen the injuries are alleged to be indivisible, or to have been aggravated in another accident, then joinder is permissible." *Hager v. McGlynn,* 518 S.W.2d at 177–78.

*Hager*'s point is well-taken. Were permissive joinder to be prohibited in cases of aggravated, successive injuries, separate trials would afford each defendant the opportunity to impute the bulk of liability to the other tortfeasor(s). Joining the defendants both saves judicial resources by preventing multiple, duplicative trials and increases the ability of the jury accurately to apportion damages and liability. That said, it should be noted that the permissive joinder rule, Rule 52.05(a), is a rule that only pertains to which parties can be joined in a single petition; it does not dictate that the claims against the two defendants always must be tried together. Rule 55.02(b) and Rule 66.02 give the trial court discretion to order separate trials on separate claims or to enter protective orders to avoid delay or prejudice in having claims joined together.[5]

The court of appeals, however, has interpreted *Jinkerson* as overruling *Hager*'s allowance of permissive joinder. In *Sims v. Sanders,* the court said that "the [*Jinkerson* ] court further held that joinder was not permitted under Rule 52.05(a) because

---

4. The federal court's use of the term "successive joint tortfeasors" should not be confused or conflated with the term "joint and several liability." At oral argument, counsel for the Nixons expressed the view that joinder of these two defendants would mean that they could be held jointly and severally liable for the plaintiffs' injuries. Joint and several liability means that each could be liable to plaintiff for the entire amount of damages. This Court disagrees with the Nixons' position on joint and several liability. The joinder rule, which allows these two defendants to be sued together, does not create joint and several liability. Even though these defendants, Hayes and Gardner, may be sued together, and even tried together, their liabilities are not joint and several. In this case, where the alleged torts occurred several months apart, each defendant would be liable only for the damages that the particular defendant caused. Joint and several liability generally is not appropriate in cases of successive, independent

tortfeasors. *See State ex rel. Retherford v. Corcoran,* 643 S.W.2d 844, 846 (Mo.App.1982), where there were three separate accidents and the court held that "[e]ach defendant has liability for, and only liability for, the injuries sustained by plaintiff as a result of that defendant's accident." A different principle may apply if the two events occurred together and each tortfeasor contributed to "an indivisible injury" where it is impossible to determine "in what proportion each contributed to the injury." *Glick v. Ballentine Produce, Inc.,* 396 S.W.2d 609, 613 (Mo.1965). But this is not an "indivisible injury" case. If liability is found against both Hayes and Gardner, the finder of fact will determine what damages resulted from the February accident and what damages resulted from the December accident.

5. Rule 52.05(b) provides:

**Separate Trials—Protective Orders.** The court may make such orders as will prevent

the cause of action arising out of the two accidents did not arise out of the same transaction or occurrence." 886 S.W.2d 718, 720–721 (Mo.App.1994).

This interpretation of *Jinkerson* is incorrect because it recognizes only a "transaction or occurrence" but not a "series of transactions or occurrences" that Rule 55.02(a) includes. *Jinkerson* does not bar permissive joinder in separate accident cases. Its holding only governs the issue of venue. *Jinkerson* cannot be read to bar permissive joinder in cases of separate accidents where venue is not an issue.[6]

## Conclusion

In cases where venue is proper as to both defendants, or where a defendant waives a venue objection, the permissive joinder provision of Rule 52.05(a) authorizes joinder of claims arising from separate accidents where there is a common issue of fact or law. In this case, where it is alleged that the second collision aggravated injuries resulting from the first accident, the two defendants may be joined in the same lawsuit pursuant to Rule 52.05(a).

The writ is thus made absolute.

All concur.

a party from being embarrassed, delayed, or put to expense by the inclusion of a person as a party against whom the party asserts no claim and the person asserts no claim against the party and may order separate trials or make other orders to prevent delay or prejudice.
Rule 66.02 provides:
  Separate Trial
  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

6. The limitations on the *Jinkerson* holding as applied only to venue also pertain to a line of cases relied on by defendants. *See State ex rel. Turnbough v. Gaertner*, 589 S.W.2d 290 (Mo. banc 1979), *Sperry Corp. v. Corcoran*, 657 S.W.2d 619 (Mo. banc 1983). In these cases, joinder was an issue subsidiary to venue. None of these precedents explicitly address the propriety of joinder in successive accidents as an issue distinct from venue.