missed.[3]

**STATE EX REL. Anthony M. KINSEY, Relator,**

v.

**The Honorable Robert G. WILKINS, Respondent.**

No. ED 99450.

Missouri Court of Appeals, Eastern District.

Feb. 26, 2013.

**3.** City's motion to dismiss on other grounds, taken with the case, is denied as moot.

Robert D. Curran Jr. Springfield, MO, for Relator.

Jeffrey A. Benoist, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

Relator, Anthony Kinsey ("Kinsey"), seeks a permanent writ in mandamus compelling Respondent, the Honorable Robert Wilkins ("Respondent"), judge of the circuit court of Jefferson County, to re-transfer the underlying action to the circuit court of Greene County. We issued a Preliminary Order in Mandamus and we make our preliminary order permanent, directing Respondent to re-transfer the underlying action back to the circuit court of Greene County.

## I. PROCEDURAL BACKGROUND

On February 15, 2010, Kinsey was involved in an automobile accident with a motor vehicle operated by April Bledsoe ("Bledsoe") in Greene County. As a result of that accident, Kinsey allegedly injured his middle and lower back, and left leg. On November 23, 2010, Kinsey filed a petition in the circuit court of Greene County against Bledsoe seeking damages for the injuries he allegedly sustained in the February 2010 automobile accident.

On January 27, 2011, more than 11 months after the February 2010 accident, Kinsey was involved in a subsequent automobile accident in Jefferson County involving a motor vehicle operated by Tricia Bieser ("Bieser"). In that second automo-

bile accident, Kinsey again sustained injuries to the same parts of his body as he sustained in the first accident of February 2010.

In April 2011, the circuit court of Greene County permitted Kinsey to amend his original petition to add Bieser as an additional defendant. This amended petition ("Amended Petition") alleged Kinsey suffered indivisible injuries to his middle and lower back and left leg as a result of both automobile accidents.

After being joined as a defendant, Bieser filed her Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Motion to Transfer for Improper Venue in the circuit court of Greene County. The circuit court of Greene County granted Bieser's motion and ordered the Amended Petition be severed, and that the counts pertaining to Bieser be transferred to the circuit court of Jefferson County.

In the circuit court of Jefferson County, Kinsey filed a Motion to Re–Transfer Venue Back to Greene County. Respondent denied Kinsey's Motion. On January 7, 2013, Kinsey filed his Petition for Writ of Mandamus in this Court, requesting that we compel Respondent to re-transfer Kinsey's cause of action against Bieser back to Greene County. This Court requested and Respondent filed Suggestions in Opposition to Kinsey's Petition for Writ of Mandamus. We issued a Preliminary Order in Mandamus January 8, 2013.

## II. LEGAL PRINCIPLES FOR WRITS OF MANDAMUS

"The function of the writ of mandamus is to enforce, not to establish, a claim of right; the office of the writ is to execute, not to adjudicate." *State ex rel. Kiely v. Schmidli,* 583 S.W.2d 236, 237 (Mo.App. W.D.1979). An extraordinary writ is appropriate to correct a trial court's improper venue ruling. *State ex rel. Kansas City S. Ry. Co. v. Nixon,* 282 S.W.3d 363, 365 (Mo. banc 2009). Specifically, mandamus is the proper writ if the erroneous transfer has been completed. *State ex rel. Mo. Pub. Serv. Com'n v. Joyce,* 258 S.W.3d 58, 60 (Mo. banc 2008). Generally, a writ of mandamus will be issued only where it is shown that the party requesting the writ has a "clear and unequivocal right to the relief requested and a corresponding present, imperative, unconditional duty imposed on the respondent which the respondent has breached." *Naugher v. Mallory,* 631 S.W.2d 370, 374 (Mo.App. W.D.1982).

## III. DISCUSSION

At the heart of this writ in mandamus lies the interpretation, relationship and interplay of the recently amended venue statute, Section 508.010,[1] and the Missouri Rule of Civil Procedure regarding permissive joinder, Rule 52.05. We note from the outset, since the 2005 amendment to Section 508.010, Missouri has not squarely addressed this narrow issue regarding the effect that permissive joinder has on venue where a plaintiff suffered injuries from separate and successive tortfeasors, occurring in different counties in the State of Missouri.

## A. Rules on Venue and Permissive Joinder

We begin our analysis with an examination of the plain language of, and the ratio-

---

1. The amendments to Section 508.010 were a component to the larger piece of legislation, referred to as Missouri's 2005 Tort Reform Act ("Tort Reform"). *McCoy v. The Hershewe Law Firm. P.C.,* 366 S.W.3d 586, 592 (Mo.

App. W.D.2012). This legislation has ostensibly had the effect of significantly restricting venue locales in order to reduce forum-shopping by plaintiffs. *Id.*

nale behind both the rules of venue and permissive joinder.

### Venue

 "Venue refers to the place of trial or the locality where an action may be properly brought." *K.M.J. v. M.A.J.*, 363 S.W.3d 172, 176 (Mo.App. E.D.2012); *see also State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 196 (Mo. banc 1991) ("Venue is a designation of the location or geographical situs where the court has jurisdiction to act in a particular lawsuit."). In Missouri, venue is determined solely by statute. *State ex rel. BJC Health Sys. v. Neill*, 121 S.W.3d 528, 529 (Mo. banc 2003). The primary purpose of Missouri's venue statutes is to provide an orderly forum that is convenient and logical for the resolution of disputes. *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 59 (Mo. banc 1993).

Prior to the 2005 amendment to Section 508.010, the basic rule in Missouri was that an action could be brought in any Missouri county in which any defendant resided, or, in any tort case, the action could also be brought in the county where the cause of action accrued.[2] *See* Sections 508.010(2), 508.010(6), RSMo 2000. However, the enactment of Tort Reform altered how venue in tort cases is determined in Missouri. Section 508.010.4 reads:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, *venue shall be in the county where the plaintiff was first injured*

by the wrongful acts or negligent conduct alleged in the action.

*See* Section 508.010.4 (emphasis added). Accordingly, instead of venue being in the county were any defendant resided (Section 508.010(2), RSMo 2000) or in the county where the action accrued (Section 508.010(6), RSMo, 2000), venue is now appropriate only in the county of first injury.

### Permissive Joinder

 Permissive joinder, Rule 52.05(a), permits joinder, as defendants, of all parties against whom (1) is asserted any right to relief jointly, severally, or in the alternative "arising out of the same transaction, occurrences, or *series of transactions or occurrences* [,]" and (2) if any question of law or fact common to all of them will arise in the action. *See* Rule 52.05(a) (emphasis added); *see also* Section 507.040.[3] This rule is liberally construed to allow for a more expedient resolution of the case, as a single jury is able to more effectively apportion damages between two defendants than two juries sitting separately; furthermore, joinder benefits both the plaintiff and the defendants because the damages will be considered together, avoiding the possible results of double recovery, or conversely, no recovery at all. *Hager v. McGlynn*, 518 S.W.2d 173, 178 (Mo.App. 1974); *see also State ex rel. McCubbin v. McMillian*, 349 S.W.2d 453, 463 (Mo.App. 1961) ("The purpose of this section [507.040] has been said to be to extend to all civil actions the liberal rules of permissive joinder prevalent in equity."); *see also*

---

**2.** Where the "cause of action accrued" was interpreted as the county where the wrongful conduct was committed. *State ex rel. Mo. Prop. and Cas. Ins. Guar. Ass'n v. Brown*, 900 S.W.2d 268, 271–72 (Mo.App. W.D.1995).

**3.** Rule 52.05(a) was conceived from Section 507.040, RSMo 1949, and the Missouri statute mimicked Federal Rule of Civil Procedure

20. *State ex rel. Farmers Ins. Co. v. Murphy*, 518 S.W.2d 655, 659 (Mo. banc 1975); *State ex rel. Allen v. Barker*, 581 S.W.2d 818, 826 (Mo. banc 1979). Today, Rule 52.05(a), Section 507.040, RSMo 2000, and Federal Rule of Civil Procedure 20 all track with each other. *See* Rule 52.05(a); *see also*, Section 507.040; *see also* Fed.R.Civ.P. 20.

*Bhagvandoss v. Beiersdorf, Inc.,* 723 S.W.2d 392, 395 (Mo. banc. 1987) ("The policy of the law is to try all issues arising out of the same occurrence or series of occurrences together.").

 However, the liberal interpretation of the permissive joinder rule must be reconciled with Rule 51.01, which explicitly prohibits Missouri Rules of Civil Procedure from a construction that extends or limits venue. *See* Rule 51.01; *see also State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290, 292 (Mo. banc 1979). For example, simply joining two separate causes of action in a single petition does not create venue over both actions. *Turnbough,* 589 S.W.2d at 292; *see also State ex rel. Jinkerson v. Koehr,* 826 S.W.2d 346, 348 (Mo. banc 1992) ("must establish venue for each cause of action independently").

## B. History of the Interplay Between Venue and Permissive Joinder

Permissive joinder and venue statutes in Missouri have an inconsistent past. Nevertheless, cases which have confronted similar issues as the case at bar offer insight and guidance for our disposition.

### Hager v. McGlynn

Almost four decades ago, the Missouri Court of Appeals, addressed "the question of permissive joinder by the plaintiff of two defendants who collided with the plaintiff at different times and places." *Hager v. McGlynn.* 518 S.W.2d 173, 174 (Mo.App.1974). In *Hager,* the injured-plaintiff filed suit in Jackson County where both accidents occurred, albeit four months apart. *Id.* The *Hager* court permitted joinder of the two separate accidents, which involved injuries to the same parts of the same plaintiff. *Id.* at 177–78. Finding that Rule 52.05(a) was identical to Federal Rule of Civil Procedure 20, the *Hager* court held that when the injuries to a plaintiff are said to be indivisible, or to

have been aggravated in another accident, then joinder is permissible. *Id.* The *Hager* court reasoned that justice is far more likely to be served with all parties present and the issues being fully presented to one jury, and that jury being charged with the responsibility of finding both the question of negligence and the amount of damages, if any. *Id.* at 178.

### State ex rel. Turnbough v. Gaertner

Not more than five years later, the Missouri Supreme Court was directly confronted with the relationship between permissive joinder and venue (under the former Missouri venue statutes). *See State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979). In *Turnbough,* the plaintiff, a resident of Cape Girardeau County, was injured in an automobile accident while employed by St. Louis–San Francisco Railway Company ("Frisco"), a resident of the City of St. Louis. *Id.* at 290–91. Just six days later, the plaintiff was involved in an automobile accident with Turnbough, which allegedly aggravated his injuries from the first accident. *Id.* at 290. Turnbough, like the plaintiff, was also a resident of Cape Girardeau County. *Id.* at 291. Both accidents occurred in Cape Girardeau County. *Id.* at 290.

Thereafter, the plaintiff filed a two-count petition in the circuit court of the City of St. Louis, seeking recovery from Frisco in count one and from Turnbough in count two. *Id.* The Supreme Court held that venue as to Turnbough was improper because the accident did not occur in the City of St. Louis, and Turnbough was not a resident of the City of St. Louis. *Id.* at 291.

Furthermore, in finding that venue as to Turnbough was improper, that court found it unnecessary to determine whether the claims against Frisco and Turnbough could properly be joined pursuant to Rule

52.05(a), because, even assuming proper joinder, Rule 51.01 explicitly provided that the Missouri Rules of Civil Procedure could not be construed to extend or limit venue. *Id.* at 291–92. Thus, the court reasoned, even if joinder of Turnbough and Frisco was authorized by Rule 52.05(a), such joinder could not be invoked to establish venue pursuant to Section 508.010(2), RSMo 1969. *Id.* at 292.

Additionally, the court in *Turnbough,* expressly acknowledged the holding in *Hager*—that defendants involved in separate but successive accidents may properly be joined pursuant to Rule 52.05(a)—but noted that the *Hager* facts did not challenge the issue of venue because the *Hager* suit was filed in the county (Jackson County) where the successive accidents had both occurred and both defendants resided. *Id.* at 292. Thus, the facts at issue in *Turnbough* and *Hager* were sufficiently inapposite that the court elected not to reconcile the two holdings.

### State ex rel. Jinkerson v. Koehr

Next, the Missouri Supreme Court was presented with the effect that permissive joinder had on venue (again, under the prior Missouri venue statutes) where the separate, yet successive accidents occurred in different counties. *See State ex rel. Jinkerson v. Koehr,* 826 S.W.2d 346 (Mo. banc 1992). In *Jinkerson,* the plaintiffs attempted to join defendants involved in successive automobile accidents which occurred approximately 11 months apart. *Id.* at 346. Plaintiffs filed suit in the circuit court of the City of St. Louis, combining the allegations of both accidents in one count and claiming they were seriously and permanently injured, in an attempt to hold both defendants jointly or commonly liable. *Id.*

Important to the disposition of that case, it was noted that: (1) the first accident occurred in St. Louis County and the de-fendant in that accident did not reside in the City of St. Louis; and (2) the second accident occurred in the City of St. Louis. *Id.* Thus, the Supreme Court held that venue was improper as to the defendant in the first accident because the injury first accrued in St. Louis County (not the City of St. Louis, where the plaintiff's petition was filed) and defendant did not reside in the City of St. Louis. *Id.* at 347. Accordingly, St. Louis County was the proper venue for the first accident since that was where the plaintiffs' injuries first accrued. *Id.* Furthermore, the *Jinkerson* court found that it was not permitted, under Rule 52.05(a), to join both defendants because the cause of action giving rise to the plaintiffs' injuries did not arise out of the "same transaction or occurrence." *Id.* at 348 ("Simply joining the two separate causes of action in a single petition does not create venue over both actions."). Rather, each defendant was responsible only for the injuries caused in the accident in which he was involved. *Id.*

### State ex rel. Sims v. Sanders

While the Supreme Court in *Jinkerson* did not mention the conflicting appellate court holding of *Hager,* a case allowing joinder of defendants arising from successive, yet separate and unrelated accidents, this Court addressed the conflict soon thereafter. *See State ex rel. Sims v. Sanders,* 886 S.W.2d 718 (Mo.App. E.D. 1994). In *Sims,* the plaintiff was involved in two separate but successive automobile accidents occurring just three months apart. *Id.* at 719. The first accident occurred in St. Louis County with a resident of Jefferson County. *Id.* The second accident also occurred in St. Louis County. *Id.* Plaintiff brought her cause of action against the individual involved in the first accident and the insurance carrier for the motorist involved in the second accident in the circuit court of the City of St. Louis. *Id.*

The *Sims* court reviewed the *Jinkerson* decision and flatly rejected the plaintiff's contentions that joinder was proper in successive, yet separate and unrelated accidents and that each defendant was jointly and severally liable for all her injuries, thereby, effectively overruling *Hager*. *Id.* at 721.

### Carlton v. Philips

The Missouri Court of Appeals, Western District, in *Carlton v. Phillips*, 926 S.W.2d 8 (Mo.App. W.D.1996), stated that *Jinkerson* overruled *Hager*. The court in *Carlton* held that "multiple defendants in separate, unrelated, yet successive auto accidents cannot be held jointly liable under Missouri law[.]" *Carlton*, 926 S.W.2d at 12. Thus, defendants who were involved in two separate automobile accidents, three months apart were not jointly and severally liable for the plaintiff's injuries, indivisible though they might have been. *Id.* at 12–13.

### State ex rel. Nixon v. Dally

██ Finally, more than decade later, the Missouri Supreme Court resolved the problem of bringing a single action against two defendants for injuries sustained by a plaintiff in separate, yet successive car accidents. *See State ex rel. Nixon v. Dally*, 248 S.W.3d 615 (Mo. banc 2008). In *Dally*, the plaintiff was involved in two automobile accidents, 10 months apart, involving two separate defendants, both accidents occurring in Jasper County. The plaintiff filed one cause of action against both defendants in Jasper County. *Id.* at 615–16. The *Dally* court found that *Jinkerson*, as

interpreted by *Sims* and *Carlton*—both holding that *Jinkerson* barred the joinder of two causes of accidents arising from different defendants—was incorrect on two accounts. *Id.* 618–19. First, Rule 52.05(a) allows for the joinder, not just of accidents arising out of the same transaction, but also out of the same "series of transactions." *Id.* at 617–18. Accordingly, "series of transactions" as found in Rule 52.05(a), can be two separate, yet successive automobile accidents. *Id.* Second, *Jinkerson* only forbade such a joinder because of venue-related issues; specifically, *Jinkerson* dealt with accidents taking place in different counties, thus making a potential joinder of their two causes of action a violation of venue rules.[4] *Id.* at 617. Because both accidents occurred in the same county, making venue a non-issue, plaintiff's joinder of both defendants in a single action was proper in *Dally*.[5] *Id.*

Moreover, while *Dally* held that *Jinkerson* "cannot be read to bar permissive joinder in cases of separate accidents where venue is not an issue[,]" the *Dally* court noted that the venue problem may no longer be an issue because under the 2005 amended venue statute, venue is proper in the county where the "first injury" occurred. *Id.* at 619.

### C. Reconciling Venue and Permissive Joinder Post Tort Reform

As foreshadowed in *Dally*, we now address the effect the 2005 amended venue statute, Section 508.010, has upon properly joined defendants under Rule 52.05, although there is no joint or common liability.

4. The court further held that *Turnbough* and similar cases should be seen as similar to *Jinkerson* in that they dealt only with joinder as an issue subsidiary to venue. *Dally*, 248 S. W.3d at n. 6.

5. As stated succinctly in *Dally*, although those two defendants could be sued in one action, and even tried together, this does not *per se* create joint and several liability. *Id.* at n. 4 ("Joint and several liability generally is not appropriate in cases of successive, independent tortfeasors.").

■ Here, Kinsey filed his Amended Petition against both Bledsoe and Bieser (collectively, "Defendants") in Greene County, arguing that the right to relief against both Defendants arose out of the same series of transactions—his permanent injuries to his back and left leg. As held by *Dally*, Kinsey was and is permitted to join such Defendants because: (1) the two separate, yet successive automobile accidents comprise a "series of transaction or occurrences" and (2) there is a common question of law or fact as to both causes of action filed against each Bledsoe and Bieser (namely, the common question of fact as to the fault of Bledsoe or Bieser, or both, for the injuries Kinsey suffered). *Dally*, 248 S.W.3d at 617–618. Despite Kinsey's right to bring both claims in one action, he must, nevertheless, satisfy the venue requirements. Thus, the question here is whether Greene County is the proper venue for Kinsey's cause of action against Bieser, which arose from the second automobile accident occurring in Jefferson County.

Under the former venue statutes, venue over Bieser would have been proper in Jefferson County, not Greene County, because the accident occurred in Jefferson County. *See* 508.010(6), RSMo 2000.[6] Because Rule 51.01 forbids interpreting a civil rule to expand venue, joinder under Rule 52.05(a) could not serve as a vehicle to expand venue to Greene County. *See Turnbough, supra; see also Jinkerson, supra.*

However, since the enactment of Tort Reform, instead of venue being in the county were any defendant resided (Section 508.010(2), RSMo 2000) or in the coun-

ty where the action accrued (Section 508.010(6), RSMo, 2000), venue is now appropriate only in the county of first injury. *See* Section 508.010.4, RSMo 2005. Furthermore, as the *Dally* court held, all successive events in a "series of transactions" permit a plaintiff to invoke permissive joinder. *Dally*, 248 S.W.3d at 618–19.

There is no longer conflict between the venue statute and Rule 52.05(a), because Rule 52.05(a) is not the vehicle that expands or limits venue (as required by Rule 51.01) in these circumstances. As the Missouri Supreme Court has held, a "notwithstanding any other provision of law" clause eliminates conflict rather than creates it because "no other provisions of law can be held in conflict with it." *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 632 (Mo. banc 2007). A conflict would exist only if conflicting or competing statutes included a prefatory "notwithstanding" clause or if neither included such a clause. *Id.*

Rule 52.05(a) does not contain a "notwithstanding" clause. Thus, the plain language of Section 508.010.4 requires that venue lay only in the county where the plaintiff was "first injured," notwithstanding any other provision of law, which includes the Permissive Joinder Rule, Rule 52.05(a). There is no ambiguity in Section 508.010.4. Section 508.010.4 confers venue for separate, yet successive automobile accidents occurring in different counties, in the county of first injury. Here, Kinsey has pled sufficient law and facts to establish venue in Greene County.[7]

If Kinsey's Amended Petition were to remain severed (the cause of actions against Bledsoe remain in Greene County, and the cause of actions against Bieser

---

6. Insufficient facts were plead to determine Bieser's residence, thus, making 508.010(2), RSMo 2000 irrelevant in our venue analysis.

7. Kinsey's Amended Petition states that the second accident with Defendant Bieser allegedly caused "exacerbation and aggravation of prior injuries" Kinsey allegedly suffered due

remain in Jefferson County), and it is later determined that the second accident with Bieser aggravated the injuries Kinsey suffered in the first accident with Bledsoe, then Jefferson County would be an improper venue for Kinsey to bring his cause of actions against Bieser, because the county of "first injury" would appropriately be in Greene County.

Unlike *Jinkerson*[8]—which held that Rule 52.05(a) could not be used to extend venue due to the prohibition prescribed in Rule 51.01—in the case at bar, the legislature (through Section 508.010.4), not a Missouri Rule of Civil Procedure, determines venue[9] for separate, yet successive automobile accidents occurring in different counties. Therefore, venue is satisfied for both Bledsoe and Bieser. Venue lies in Greene County.

## IV. CONCLUSION

The Preliminary Writ in Mandamus is hereby made permanent. The Respondent is directed to re-transfer this case to the Circuit Court of Greene County.

ROBERT M. CLAYTON III, P.J., and KURT S. ODENWALD, J., concur.

to the first accident with Defendant Bledsoe in Greene County. While we do not hold that the second accident did *in fact* aggravate Kinsey's injuries suffered as a result of the first accident, we find that Plaintiff's Amended Petition pleads a claim (i.e., under the holding of *Dally* ) and facts sufficient to establish venue in Greene County. *State ex rel. Doe Run Res. Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. banc 2004) ("The standard for determining if a petition states a claim against a defendant for venue purposes is whether, after reasonable legal inquiry under the circumstances, the plaintiffs state a claim under existing law or under a non-frivolous argument for the extension, modification or reversal of existing law, or under a non-frivolous argument for the establishment of new law.").

8. We note the facts of this case are almost identical to the facts of *Jinkerson, supra.* For instance, in both *Jinkerson* and the case at bar, the plaintiff was involved in separate, yet successive automobile accidents months apart, in different counties of Missouri.

9. There is nothing prohibiting the legislature from establishing or extending venue. *Willman v. McMillen*, 779 S.W.2d 583, 585 (Mo. banc 1989) ("Venue is within the province of the legislature, and a court must be guided by what the legislature says.").